## WHITE *v.* WILEY.

*A.* deposited with *B.,* a justice of the peace, certain claims for collection, and took a receipt therefor, *June* 22, 1855. Afterwards *B.* collected 65 dollars on the claims. *A.* transferred the receipt, by indorsement in writing, to *C., February* 14, 1856, of which the justice had notice in that or the ensuing month. *C.* demanded the 65 dollars, *April* 2, 1856. Payment refused. In the spring of 1855, *A.* held, as assignee, a note for 80 dollars which, for a full consideration, he assigned to *D.* who assigned it to *E.* In the summer of 1855, *A.* arranged by parol that *D.* should receive from the justice, as much of the proceeds of the claims as would pay him for the consideration of the assignment of the note by *A.,* and in *March,* 1856, the justice paid him the 65 dollars collected, and *D.* paid it to *E.* The assignee of the receipt, *C.,* sued the justice for the refusal to pay the 65 dollars to him. *Held,* that the indorsement on the receipt amounted to no more than an equitable assignment of the claims, or the judgments when recovered, and the instrument not being assignable by statute, the assignee took no greater interest than would have passed by mere delivery, without indorsement; that, hence, the transaction was, in effect, but a parol, equitable assignment, to which even the delivery of the receipt was not essential; that the arrangement previously made with *D.* by which he received the money collected, was also a parol equitable assignment, to the amount designated, differing from the one subsequently made to *C.* only in the non-essential point of the delivery of the receipt; that the assignment to *D.* being prior in point of time, he was entitled to be first paid, notwithstanding the fact that the subsequent assignee first notified the justice of his assignment.

APPEAL from the *Wayne* Court of Common Pleas.

HANNA, J.— *Wiley* sued *White* before a justice, for failing to pay over money, upon demand, collected as a justice of the peace.

Answer—

That all moneys collected had been paid, &c.

Trial, judgment for plaintiff for 65 dollars, and the same result in the Common Pleas on appeal.

There is no question made as to parties.

The facts shown by the plaintiff are, substantially, that one *Henderson* deposited with *White* certain claims for collection, and took a receipt therefor, on the 22d of *June*, 1855. At sometime thereafter, not shown by the record, *White* collected 65 dollars on said claims. *Henderson*, by indorsement in writing, transferred the receipt of the justice to *Wiley*, the appellee, on the 14th of *February*, 1856, of which the justice had notice in *February* or *March*. *Wiley* demanded the 65 dollars on the 2d of *April*, 1856. Payment was refused. And by the defendant it was shown that in the spring of 1855 said *Henderson* held, as assignee of one *Bedford*, a note on *Thomas* for 80 dollars, and at that time, for a full consideration, assigned it to *William White*, who transferred it to *James C. White*. On the 22d of *June*, *Henderson* informed *James C. White* that the maker of the note was insolvent, and he would have to pay the same. In the fall of 1855, *Henderson* made some arrangement with the maker of the note by which it was satisfied. The bill of exceptions further states that in the summer or fall of 1855, an arrangement was made by which *William White* was to receive of his father, out of the moneys collected on the claims put in his hands, as justice, as much of the proceeds as would pay him, *William*, for the horse sold by him to *Henderson;* that the defendant, in *March*, 1856, paid *William* the sum of 65 dollars on his claim, and *William* afterwards paid it over to *James C. White*.

Upon these facts, and the instructions given and those refused, the question arises whether the payment by the justice, to *William White*, is a discharge of his liability for the 65 dollars collected and thus paid.

It is insisted by *White* that the arrangement by which a sum was to be paid to *William White* was an equitable parol assignment of that amount. By the other party this is denied; but it is urged that even if that is true, the record does not show any notice to the justice of that arrangement, prior to the notice given by the plaintiff of his rights.

The indorsement on the receipt amounted to no more than an equitable assignment of the claims or judgments, if they were even reduced to judgments. *Burson* v. *Blair*, 12 Ind. R. 371. And as the instrument was not assignable by virtue of the statute, 1 R. S. p. 378, no greater right was vested in the assignee than if the receipt had been delivered to him without such indorsement. *Mewherter* v. *Price*, 11 Ind. R. 202. The effect of the transaction was, therefore, a parol equitable assignment of the moneys then in the hands, or that might come into the hands, of the justice, upon the claims of which the receipt, which was delivered, was, as between certain parties, evidence. It differed from the arrangement before that time made, as to a part of said claims, only in the fact that in the one case the receipt was delivered, and in the other it was not, to the assignee. The delivery of the receipt was not absolutely essential to perfect the equitable assignment, especially when such assignment was only of a part of the sum of the claims enumerated in such receipt.

We are of opinion, therefore, that each of the arrangements made by *Henderson*, in regard to the money collected by *White*, was an equitable assignment of his interest therein, to the amount designated, and that, as such assignment to *William White* was prior in point of time to that of the plaintiff, he was, so far as that point is concerned, entitled to be first paid, unless something subsequently intervened to change those rights. We do not think that the fact that the subsequent assignee first notified the justice of the assignment, is of itself sufficient to change the rights of the parties. It is true, that if the prior assignee had failed to bring his rights to the knowledge of the justice, before the payment of the money to the last assignee, he might, by his neglect, have rendered those rights of no avail. The position which the justice, as a public officer, occupies, was one of indifference as between the parties. His assent to the assignment was not requisite to make it valid in equity. His official duty was discharged when he had paid the sum for which he was accountable, to the person having the highest legal or

equitable right to receive it. This he was to determine when the time for payment arrived. We think, so far as the record shows, he determined the question correctly in this case.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Perry* and *O. P. Morton,* for the appellant.

*W. A. Bickle,* for the appellee.