### EZEKIEL SMITH *et al.*

#### *v.*

### THE BATES MACHINE COMPANY.

*Opinion filed October 25, 1899.*

1. EQUITY—*equity may entertain bill to enforce equitable assignment of particular fund.* A court of equity has jurisdiction of a bill filed to reach a part of a particular fund due to a contractor, who, it is claimed, equitably assigned it to the complainant, since the suit is one to enforce a trust.

2. CONTRACTS—*word "earnings" does not mean net earnings unless properly qualified or explained.* The word "earnings," as used in the acceptance of an order given by a sub-contractor on the original contractor, does not mean net earnings, where the drawee agreed to pay the amounts specified on the dates mentioned, provided the sub-contractor's earnings for the period named were sufficient to cover them, without further qualification or restriction.

*Smith* v. *Bates Machine Co.* 79 Ill. App. 519, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding.

HALEY & O'DONNELL, for appellants.

J. F. SNYDER, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This was a proceeding in chancery, begun in the circuit court of Will county, wherein the appellee, the Bates Machine Company, was complainant, and the Sanitary District of Chicago and appellants, with Dion Geraldine, were defendants. The original bill was against the sanitary district and appellants alone, and sought to enforce a claim against funds in the hands of the district due Smith & Eastman in satisfaction of an alleged indebtedness due from the latter to the complainant. Subsequently the bill was amended, making Patrick J. Sexton a party defendant with Smith & Eastman, and alleging that he had, by a secret assignment, become the owner of all of Eastman's interest in the firm of Smith & Eastman, though the business continued to be transacted in the name of the original firm; and also setting up that Dion Geraldine was a sub-contractor under the firm, and that he had become indebted to the complainant, for machinery and material furnished him in the performance of his sub-contract, in the sum of $6600, and that in consideration of that indebtedness he gave to the complainant the following order:

"CHICAGO, *September 10, 1894.*

"Smith & Eastman, Original Contractors Section No. 14,

Sanitary Drainage Canal, Lockport, Ill.

"GENTLEMEN—You will please pay to Bates Machine Company, Joliet, Ill., the sum of sixty-six hundred dollars ($6600) out of moneys earned by me, as sub-contractor, on section No. 14 during the next six months, as follows: $1000 out of November earnings, payable December 2 next; $1000 out of December earnings, payable January 2 next; $1500 out of January earnings, payable February 2 next; $1500 out of February earnings, payable March 2 next; $1000 out of March earnings, payable April 2 next; $600 out of April earnings, payable May 2 next, and charge same to my account.    Very truly,

DION GERALDINE.

"Duplicate for Bates Machine Company.

DION GERALDINE."

This order was handed to Sexton on the day it bears date, and he made an endorsement thereon as follows:

"We accept the above order, and will agree to pay said amounts to Bates Machine Company on the dates mentioned, providing the earnings of Mr. Dion Geraldine for the months enumerated are sufficient to cover said amounts.

SMITH & EASTMAN,<br>Per P. J. SEXTON."

It was further alleged, by way of amendment to the bill, that said order and acceptance amounted to an equitable assignment of the sums of money therein mentioned to the complainant, and the court was asked to so decree; also, that the sanitary district had notice of such assignment, and that it had in its hands a large amount of money, which should be applied in payment and satisfaction of the order. The defendants having answered the amended bill, the cause was heard, and a decree rendered in favor of the complainant on the amended bill alone, the holding of the chancellor being against it on the original bill. The defendants Smith, Eastman and Sexton alone appealed to the Appellate Court for the First District, where the decree of the circuit court was affirmed, and the same appellants again appeal.

A fuller statement of the facts will be found preceding the well considered opinion of the Appellate Court, by CRABTREE, J.

Here, as in the Appellate Court, two grounds of reversal of the decree of the circuit court are urged: First, it is insisted that the defense set up in the answer, that the complainant had a complete and adequate remedy at law, should have been sustained and the bill dismissed for want of jurisdiction; and second, that the word "earnings," as used in the acceptance of the order of September 10, meant, as used by the parties, only what should remain due Geraldine after paying his expenses during each month for labor, materials, etc.

On the question of jurisdiction we are clearly of the opinion that the law is with the complainant below.

The object of the amended bill was not to obtain a mere money decree against the defendants Smith, Eastman and Sexton, but to reach a part of a particular fund which it was claimed had been equitably assigned to it by the order of Geraldine. The order signed by Geraldine, directing the amounts named to be paid to the complainant, amounted, in equity, to an assignment of so much of his earnings as would be necessary to make the payments, and a trust was thereby created in the hands of Smith, Eastman and Sexton in favor of the machine company. (*Morris* v. *Cheney*, 51 Ill. 451,—citing 2 Story's Eq. Jur. sec. 1044.) We said in *Phillips* v. *Edsall*, 127 Ill. 535: "A part of a debt or chose in action is not assignable at law but can be assigned in equity, and in such cases a trust will be created in favor of the equitable assignee of the fund, and will constitute an equitable lien upon it." It is well settled that a valid equitable assignment of a part of a fund may be made before the fund is due or actually in being, providing it exists potentially. (See *Warren* v. *First Nat. Bank of Columbus*, 149 Ill. 9; *Young* v. *Jones*, 180 id. 216.) Nothing is better settled than that courts of chancery always have jurisdiction to enforce trusts, and on that ground alone we think it clear that the circuit court of Will county, sitting as a court of equity, had full jurisdiction and power to entertain the cause made by the amended bill. Here the fund, at the filing of the bill, was in the hands of the sanitary district, and having been equitably assigned to the complainant it held the same in trust.

As to the second proposition, we agree with the Appellate Court in saying we see no reason for giving the order and acceptance any such construction. The word "earnings," in its general acceptation, does not mean net earnings unless qualified in some way; and we are fully satisfied, from a consideration of all the facts and circumstances surrounding the parties at the time the order was executed and accepted, and their subsequent con-

duct, that there was no intention that it should have such limited or qualified meaning. The subsequent payment of $3000 upon that order, by the acceptors, clearly shows that they did not at that time understand (as they now insist) that they were only to pay in the event that money remained in their hands after paying the expenses of the drawer in the performance of his contract, because they now say that so far from there being net earnings due Geraldine for those months, he was largely indebted to them. We find nothing in the record to the effect that Smith, Eastman and Sexton were required to pay for labor or material used by Geraldine in doing the work under his sub-contract, or that they were privileged so to do; and if it be conceded that if they had not made such payments the work would have necessarily stopped, still that fact would not release them from their liability upon the order, in the absence of such a condition in the acceptance. If, as is now contended, the intention was to limit their liability upon the order to such earnings as might remain after the payment of all expenses of the work, it would have been very easy and most natural that such intention should have been expressed in the writing, and it seems to us that to permit the construction now insisted upon to be placed upon the acceptance would be clearly violative of the rule that the terms of a written agreement cannot be varied or changed by parol.

In this view it is unnecessary for us to review the evidence or express any opinion upon the question whether or not the net earnings were sufficient to have paid the monthly installments mentioned in the order, it being impliedly admitted that the gross earnings were more than sufficient for that purpose.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*