[No. 5027.]
[No. 2580 C. A.]

VAN BUSKIRK v. STATE BANK OF ROCKY FORD.

1. **Bills and Notes—Bank Checks—Acceptance—Liability of Drawee.**

Under the negotiable instrument law (Session Laws 1897, page 210) a bank check need not be presented for acceptance in order to render the parties thereto liable, but the drawee bank is not liable to an action upon such check unless and until it has been accepted or certified in writing by the drawee, and an action cannot be maintained against the drawee based upon a parol promise to pay.

2. **Same.**

Where a check drawn upon one bank was presented for payment at another bank and the bank to whom it was presented telephoned the drawee bank and asked if the check was good and was informed that it was, whereupon the check was paid, but before it was presented to the drawee for payment the drawer notified the drawee not to pay it, an action would not lie against the drawee bank in favor of the bank that paid the check in the absence of fraud or false information by the drawee bank.

*Appeal from the County Court of Otero County: Hon. Marion F. Miller, Judge.*

Mr. FRED A. SABIN, Mr. R. S. BEALL (Mr. CALVIN E. REED of counsel), for appellant.

Mr. O. G. HESS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The parties are each doing a separate banking business in the same town. A check drawn on the appellant by one of its depositors was by the payee

presented for payment to the appellee. Appellee telephoned to appellant asking if the check was good, and was informed that it was "good," or "all right." This was the extent of the information given, and there was no promise by appellant that it would accept or pay the check unless the information given is, in law, that promise. Appellee then paid the check upon the strength of the foregoing reply to its question, but otherwise would not have cashed it. A few minutes thereafter the drawer appeared before the drawee (appellant) and stopped payment, of which appellant immediately advised the appellee. Afterwards, and on the same day, when appellee presented the check, duly indorsed, to appellant for payment, the latter refused to pay it because it had been directed by its depositor not to do so, although at the time the drawer had and still has with appellant sufficient funds for such payment.

Thereupon this action was brought by appellee against appellant to recover the amount of the check, upon the ground that appellant had promised to pay it. The trial court submitted the case to the jury upon the theory that the cause of action stated in the complaint, setting up the foregoing facts, was based upon an implied parol promise to pay. The verdict and judgment were for the plaintiff, and the defendant appeals.

The two chief points relied upon by defendant below (appellant here) are: (1) that under our negotiable instrument law passed in 1897 (Session Laws 1897, p. 210) an action will not lie in favor of the holder of a check against the drawee unless and until the same is accepted or certified by the drawee, which acceptance or certification must be in writing; and (2) that if a parol acceptance or promise to pay is binding, no such promise was established by the evidence.

1. The courts of England and America have often held that, at the common law, though many of the rules and principles applicable to bills of exchange apply to bank checks, the two kinds of instruments are not identical. Regardless of the common law rights of the parties under the facts of this case, we think there can be no doubt as to the correctness of appellant's leading contention that, under our negotiable instrument law, the drawee of a check is not liable to the holder unless and until he accepts or promises to pay the same, and such assent to his liability must be in writing. Section 126 of our act defines a bill of exchange as "an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer." Section 185 reads: "A check is a bill of exchange drawn on a bank payable on demand. Except as herein otherwise provided, the provisions of this act applicable to a bill of exchange payable on demand apply to a check."

At the common law a bill of exchange payable on demand need not be presented for acceptance. Indeed, strictly speaking, there is no such thing as acceptance of a check in the ordinary sense of the term; yet by consent of the holder the drawee bank may enter into an engagement quite similar to that of acceptance by certifying the check to be good, instead of paying it.—2 Daniels on Negotiable Instruments (4th ed.), § 1601; sec. 143 of our act. A check is a species of bill of exchange, viz, that particular kind of a bill which is drawn on a bank and payable on demand. Under our act it need not be presented for acceptance unless it contains an express stipulation to that effect.—Sec. 143.

Before the passage of our negotiable instrument law this court had ruled, in accordance with the weight of authority, that a right of action does not exist in favor of the holder of a check against the drawee bank where there has been by the latter no acceptance or promise to pay.—*Colo. Nat. Bank v. Boettcher,* 5 Colo. 185, reaffirmed in *Boettcher v. Colo. Nat. Bank,* 15 Colo. 16. Our statute has expressly so enacted.—Sec. 189. The same cases at least tacitly recognized the doctrine that such acceptance or implied promise might, in the absence of a statute to the contrary, be proved by parol testimony, but this doctrine is abrogated by our statute, as we proceed to show. According to this statute, though all bills of exchange are not checks, yet as a check is therein expressly said to be a bill of exchange drawn on a bank and payable on demand, every check is a bill, that is, it is a species of a bill. So that, though a check need not be presented for acceptance in order to render the parties thereto liable, still as the check itself does not operate as an assignment of any part of the fund to the credit of the drawer with the bank, and the drawee bank is not liable to the holder, unless and until it accepts or certifies the check (sec. 189), and as (sec. 185) except as in the act otherwise provided all of its provisions applicable to a bill of exchange payable on demand apply to a check, and as no contrary provision for the acceptance of or promise to pay a check has been made, the provision applicable to a bill of exchange that acceptance or certification when made must be in writing applies also to a check. There being no pretense in this case that the promise to pay or certification or acceptance of the check sued upon was in writing, the holder was not entitled to sue the bank upon it.

There are distinctions between an action on a bill or check as an accepted bill and one founded on a breach of promise to accept.—*Boyce v. Edwards,* 4 Peters *111; *Henrietta Nat. Bank v. State Nat. Bank,* 80 Tex. 648. But we do not consider that such distinctions are important here. This action was based upon a parol promise to pay the check. Acceptance of a bill at common law and under our statute is merely the signification by the drawee of his assent to the order of the drawer. The legal meaning of an acceptance is that the acceptor engages to pay the instrument according to the tenor of his acceptance. In other words, it is a promise to pay.—Session Laws 1897, secs. 62, 132; 1 Daniels on Negotiable Instruments (4th ed.), § 475. This action is one by a holder of a check against the drawee based upon a parol promise of the latter to pay, and it cannot be maintained.

2. It is well to observe that this is not an action to recover money lost by the fraud or wrongdoing of another, and if such were the cause of action pleaded the evidence would not support it. The only claim made by plaintiff is that the information which the appellant gave in response to an inquiry was, in legal effect, a promise to pay the check when the same was presented for that purpose. There is no pretense that the information given was false; it is conceded that the answer to plaintiff's inquiry on which the promise rests was true; hence there is present here no element of an action *ex delicto.*

In thus disposing of the case upon the ground that a promise such as is here relied upon must be in writing, we are relieved of the necessity of considering whether the mere oral statement by the drawee bank that a check drawn upon it is "good" or "all right" gives rise to an action in favor of one who parts with money upon the faith of it.

The judgment should be reversed and the cause remanded, with instructions to the trial court to dismiss the action.                                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE STEELE concur.