KINTZ v. SCULLY STEEL AND IRON COMPANY ET AL.

[No. 22,971. Filed January 4, 1916.]

1. ASSIGNMENTS.—*Order for Payment of Future Earnings.—Acceptance.—Liability.—Complaint.*—An order reciting that the maker was arranging to purchase from plaintiff certain material to be used in maker's contract with the acceptor, in consideration of which and as security the maker sells and assigns to plaintiff a specified amount from the money to become due to maker on completion of the contract, etc., constituted an equitable assignment, on the performance of the work creating the fund, of the sum mentioned therein for the payment of which the acceptor was liable, and a paragraph of complaint counting thereon was not defective for failure

to allege that the maker had purchased the material from plaintiff, since such matter was properly a matter of defense. p. 171.

2. ASSIGNMENTS.—*Order for Payment of Future Earnings.*—*Liability of Acceptor.*—Where a contractor executed an order on the contractee reciting that he was arranging to purchase material to be used under the contract and that he assigned to the seller a certain amount from the sum to be due him on completion of the contract, which he directed to be paid to the seller, etc., the contractee by accepting the order acknowledged that he had notice of the assignment, and hence was liable on a paragraph of complaint alleging the creation of the fund on which the order was drawn and the payment of a part thereof to the contractor in disregard of such assignment. p. 172.

3. ASSIGNMENTS.—*Action.*—*Complaint.*—A complaint against a contractor and the owner of a building erected by him, on the contractor's assignment of money from the amount which was to be due him on completion of the contract, showing the furnishing of material to the contractor to be used in the building, its use therein, the acceptance and retention of same by the owner of the building, a demand for payment and refusal, averring delay in payment and a claim for interest, etc., was sufficient. p. 172.

From Clay Circuit Court; *John M. Rawley*, Judge.

Action by the Scully Steel and Iron Company against Norbert C. Kintz and another. From a judgment for plaintiff, the defendant named appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*McGregor & Harris* and *Crane & Miller*, for appellant.

*George A. Scott* and *G. S. Payne*, for appellees.

ERWIN, J.—Appellee, Scully Steel and Iron Company, brought this action against appellant Kintz and one Thatcher Parker, by complaint in three paragraphs, each based on an acceptance of an order to pay certain money to appellee. Trial by the court and finding and judgment for appellee in the sum of $130. The instrument of writing and the acceptance of the same are as follows:

"Mr. N. C. Kintz, City. Dear Sir: I am arranging to purchase from the Scully Steel

and Iron Company material amounting to $393.10 for use in my contract with you. In consideration of which and as security therefor I hereby sell, transfer and assign to them the same amount, $393.10, from the money which will be due me by you on my contract with you amounting to $600 which is due me upon completion of the work. I also hereby instruct you to pay said amount out of the first money which is due me on this job direct to the Scully Steel and Iron Co. and charge the same to my account, I am, yours truly, Thatcher A. Parker. Accepted, N. C. Kintz."

The first paragraph alleges the execution of the order, and its acceptance by Kintz; that the work and contract mentioned and referred to in such bill had been fully completed by Parker and that such "bill of exchange" is due and unpaid; that demand was made upon both defendants for payment which was refused and that the same is due and unpaid and interest is demanded from August 1, 1910. The objection interposed to this paragraph of complaint is that the instrument is not a bill of exchange payable at all events, but is an order which in effect was an equitable assignment of a particular fund, which could arise only upon the purchase of material from appellee by Parker. If a fund was created by the work having been performed by Parker as set out in the order (and this is admitted by the demurrer), then the order and acceptance would constitute a valid equitable assignment of so much as is mentioned in the order and appellant would be liable for the payment of the same. The defect urged by appellant that the complaint fails to allege that defendant Parker purchased the material of appellee for the use in appellant's building would perhaps be a matter of defense in the way of a plea of failure of considera-

tion, but could not be considered in determining the sufficiency of the complaint.

The other two paragraphs of complaint while based on slightly different facts are each based upon the written order and its acceptance by appellant. The second paragraph alleges the creation of the fund on which the order was drawn and the payment by appellant to the defendant Parker of a part of this fund in disregard of the assignment to appellee. Appellant knew when he paid Parker, that $393.10 of the amount due him belonged to appellee by the written assignment of November 15, 1909. His acceptance of the order was at least an acknowledgement that he had notice of the assignment of this fund of appellee. The third paragraph alleges the furnishing of the material for the use of defendant Parker in the repair of appellant's building as mentioned in the order assigning a part of the funds; the use of such material in appellant's building; the acceptance and retention of same by appellant, thereby creating the particular fund on which the order was drawn; a demand for payment and refusal by appellant, with an averment of delay in payment and a claim for interest; and a statement of such facts as show that the same was due and unpaid. This was sufficient to withstand a demurrer as against any objections urged by appellant.

We are of the opinion that each paragraph is sufficient as against any objections urged by appellant. Judgment affirmed.

Note.—Reported in 110 N. E. 986. As to acceptance of bill of exchange, see 1 Am. St. 134. As to partial assignment of a claim or demand founded on contract, see Ann. Cas. 1912 A 673. See, also, under (1) 5 C. J. 909, 924; 4 Cyc 45, 47; (2) 5 C. J. 927; 4 Cyc 56; (3) 5 C. J. 1007; 4 Cyc 104.