LOUISE S. LEE, Respondent, *v.* WILLIAM BAILEY CORPORATION and Others, Defendants, Impleaded with THE PEOPLE OF THE STATE OF NEW YORK and Others, Respondents, and PENNSYLVANIA-DIXIE CEMENT CORPORATION and Another, Appellants.

Fourth Department, January 10, 1934.

David H. Shearer [*Joseph A. Murphy, Eugene J. Dwyer* and *George H. Rothlauf* of counsel], for the appellant Pennsylvania-Dixie Cement Corporation.

*Kenneth B. Keating* [*Leonard Lee Bacon* with him on the brief], for the appellant Vicinus & Co., Inc.

*Walter S. Forsyth,* for the respondent Robinson Clay Product Company of New York.

*Walter J. Holloran,* for the respondent Genesee Valley Trust Company.

*Matthew R. Quinn,* for the respondent Solvay Sales Corporation.

*W. S. O'Brien,* for the plaintiff, respondent.

SEARS, P. J. On June 14, 1930, the defendant William Bailey Corporation was awarded a contract by the State of New York for the construction of a section of a public highway. The contract was completed and the construction accepted by the State on September 16, 1931. A balance of $8,838.16 is still due from the State on the contract and remains unpaid. The plaintiff, a subcontractor, filed a lien on the 13th day of October, 1931. Assignments executed by the contractor have been filed by sundry of the defendants as follows: Pennsylvania-Dixie Cement Corporation, October 19, 1931, $4,459.45; Miller-Grey, Inc., November 5, 1931, $2,071.80; Vicinus & Co., Inc., December 7, 1931, $2,323.47; Genesee Valley Trust Company, December 9, 1931, $7,000; Solvay Sales Corporation, December 11, 1931, $1,775.26; Colonial Beacon Oil Company, January 18, 1932, $1,500; Robinson Clay Product Company, January 30, 1932, $2,000.66. All of these assignments were filed after the time to file liens had expired.

The judgment grants the plaintiff a preference as to her lien and no question as to the plaintiff's right to a preference is raised by any defendant. No defendant claims that any assignment is to be treated under section 25 of the Lien Law as a lien of the same class as one filed within the statutory period for filing mechanics' liens.

The primary question before the court upon this appeal is whether the assignees are entitled to have the balance of the fund after satisfying the plaintiff's lien distributed among them *pro rata,* or whether they are entitled to payment in the order of the filing of the respective assignments.

In the absence of anything to the contrary in a contract for the improvement of the real estate or in the statutes, and before any notice of a mechanic's lien is filed, a contractor may assign to a creditor in payment of his debt, the whole or any portion of the moneys due or to grow due under the contract, and the assignee thereby acquires a preference over a subsequent lienor or assignee. (*Bates* v. *Salt Springs Nat. Bank,* 157 N. Y. 322.) To protect meritorious claimants and particularly laborers and materialmen contributing to the improvement, legislation has been enacted imposing filing of the assignment as a condition to the validity of the assignment as to lienors and other assignees whose assignments are filed. Such legislation in relation to contracts for public improvements is now embodied in section 16 of the Lien Law. (*Harvey* v. *Brewer,* 178 N. Y. 5; *Edison Elec. Ill. Co.* v. *Frick Co.,* 221 id. 1.) There is nothing in section 16 of the Lien Law or in the corresponding section relating to improvements of private property (Lien Law, § 15) which in any way affects the right of the assignees to demand payment in full of amounts assigned in the order of the dates of the filing of the assignments.

It is contended, however, that section 25 of the Lien Law, as it read at the time the assignments above mentioned were filed and as it now reads, provides for a proportionate distribution of the fund among all the defendant assignees, or at least among all those whose claims were of such a character as to have entitled them to a lien had they within thirty days of the completion of the work filed the statutory notice to obtain a lien. For section 25 to be construed to have the effect contended for, it must disclose in its language a legislative intention to provide for such effect, for otherwise no change in the previously existing law that assignments should take effect in the order of their filing would be accomplished. We cannot indulge in surmises or guesses. Even construction to discover intention is only permissible where there is ambiguity. (*Cooper-Snell Co.* v. *State of New York,* 230 N. Y. 249; *Johnson* v. *Hudson River R. R. Co.,* 49 id. 455.) All defendants' assignments were in payment of, or to secure, claims already accrued when the assignments were made. Subdivision 4 of section 25, relating to parity among lienors, cannot refer to such assignments as these, for the assignees are not the holders of liens, nor are they the holders of assignments equivalent to liens as provided in certain

cases in subdivision 1 of section 25. There is no provision of section 25 to the effect that assignments in general are to be treated as liens, no provision to the effect that assignments in general are to be entitled only to parity with other assignments of the same class. Subdivision 5 of section 25, requiring every assignment to contain a covenant by the assignor that he will receive any moneys advanced thereunder by the assignee as a trust fund to be first applied to the payment of claims of subcontractors, architects, etc., can have no application to such assignments as here involved given to secure past indebtednesses, and indicates strongly that section 25 has no application to such assignments as we are considering here. In short, we can find nothing in the entire section 25 to show an intention that assignments filed after the close of the period provided for the filing of notices of liens are nevertheless to be treated as liens or entitled only to parity in payment with other similar assignments, and we conclude that section 25 has not changed the law precedently existing, and that the defendants as assignees are entitled to share in the fund not proportionately but in the order of the dates of the filing of their respective assignments.

A subordinate question arises as to whether Vicinus & Co., Inc., is entitled to be considered an assignee within the meaning of section 16 of the Lien Law as its assignment was given to pay or secure the payment of insurance premiums for policies issued in the course of the work embodied in the contract as it progressed. We need not decide whether a filed assignment for a claim wholly disassociated with the improvement would be entitled to protection under the provisions of section 16. In view of the language of subdivision 5 of section 25, which includes premiums of insurance as an improvement expense similar to outlays for materials purchased and services performed, and taking into consideration the construction of section 15 in *Edison Elec. Ill. Co.* v. *Frick Co.* (*supra*), we conclude that the claim of Vicinus & Co., Inc., for premiums on insurance policies relating to the public improvement was sufficiently connected with the improvement itself as to be the basis for a valid assignment of moneys due the contractor even though a connection with the improvement is deemed necessary for the validity of an assignment under section 16.

The fund on hand is sufficient only to pay the two earliest assignees in full and part of the third assignee's claim. The basis of later assignments need not be considered.

The judgment should be modified by providing that the assignees Pennsylvania-Dixie Cement Corporation, Miller-Grey, Inc., and Vicinus & Co., Inc., shall share in the balance of the fund, after the plaintiff's lien is satisfied, in the order of the priority of the

dates of the filing of their respective assignments, and, as so modified, the judgment should be affirmed, with separate bills of costs to defendants Pennsylvania-Dixie Cement Corporation and Vicinus & Co., Inc., payable out of the fund.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment modified on the law and as modified affirmed, with separate bills of costs to the defendants Pennsylvania-Dixie Cement Corporation and Vicinus & Co., Inc., payable out of the fund.