MIDDLE WEST ROADS COMPANY *v.* THE PEOPLES NATIONAL
BANK AND TRUST COMPANY OF WASHINGTON.

[No. 26,720. Filed October 19, 1936.]

*Noel, Hickam, Boyd & Armstrong* and *Crafts &
Wallace,* for appellant.

*Allen, Hastings & Allen,* and *Kessinger, Hill & Arterburn,* for appellee.

TREMAIN, J.—This was an action by the appellee against the appellant to recover damages on account of appellant's failure to pay to appellee certain sums received by appellant on estimates made in the construction of a highway.

The facts disclose that on the 24th day of December, 1931, the appellant, a corporation engaged in constructing highways, entered into a contract with the State Highway Commission of Indiana to construct a cement road between the cities of Washington and Petersburg, Indiana. The contract which the parties executed was in the form, and contained the conditions and stipulations required by statute, among which the appellant agreed to pay for all labor and material used in the construction. Appellant executed to the state its bond guaranteeing the faithful performance and fulfillment of the contract.

On February 29, 1932, the appellant sublet the grading of the roadway to one Lehmer upon a yardage and lineal foot basis, evidenced by a written contract between appellant and Lehmer. Lehmer executed and delivered a surety company bond to appellant, guaranteeing the faithful performance of the subcontract and providing for the payment of all labor and material accounts. The contract of the appellant with the state, as well as the subcontract of appellant with Lehmer, provided for payments to be made upon estimates made by the engineer and the retention of ten per cent of all estimates until the work was completed.

At the time the officers of appellant were negotiating with Lehmer to subcontract the grading, Lehmer stated to them that he was unable to finance the work; that it would be impossible for him to undertake it without some understanding upon that subject. Lehmer stated

that he had theretofore talked with the cashier of the appellee bank, and that it was possible to finance the project through appellee. Lehmer and agents of the appellant discussed the matter. The vice president of appellant, a Mr. Johnson, told Mr. Beall, appellant's superintendent, to go to the appellee bank with Lehmer and see what could be done in the way of securing funds to finance the subcontract. Accordingly Beall and Lehmer presented the matter to the cashier of appellee on April 12, 1932.

By the terms of the said subcontract, the appellant was to receive pay from the state for the grading and pay it over to Lehmer as the estimates were made. The state did not know Lehmer in the transaction. It was proposed by these parties to the appellee that it should make loans to Lehmer, and as monthly estimates for the grading were made by the engineer in charge of the construction, the appellant would pay the full amount less ten per cent, to the appellee bank. From said sums the appellee should satisfy all indebtedness of Lehmer and place any remainder to Lehmer's account in the bank. As evidence of the agreement between appellant and Lehmer to pay to the appellee the sums due to Lehmer on his subcontract, Mr. Beall prepared in triplicate the following instrument, to-wit:

> "Washington, Indiana,
> April 12, 1932.

Middle West Roads Company,
Box 302,
Washington, Indiana.

Gentlemen:

This will be your authority to pay to the Peoples National Bank and Trust Company of Washington, Indiana, from the date hereof all moneys due me under the terms of my sub-contract with you dated February 29, 1932, for work on Federal Aid Pro-

ject No. 62, Section A, Washington to Petersburg Road.

It is my understanding that payments will be made direct to the Peoples National Bank and Trust Company as monthly estimates are due me under the terms of our agreement.

Yours truly,
H. K. LEHMER.

Accepted: April 12, 1932
Middle West Roads Company
By I. G. Beall
Superintendent."

The instrument was executed by the parties. A copy was delivered to appellee, and appellant and Lehmer each retained a copy.

Pursuant to the oral agreement among the parties, and the foregoing instrument, the appellee advanced sums to Lehmer in the months of April and May, 1932. At the end of each month appellant paid to appellee all estimates made for the grading of said highway. Appellee satisfied all advancements and loans made to Lehmer out of such sums and placed the remainder to Lehmer's credit. In the month of June appellee made two loans to Lehmer: One for the sum of $2,000 on June 14 and another for the sum of $1,000 on June 16. Before the thousand dollar loan was made the superintendent of appellant called upon the appellee bank and told the cashier that the bank could safely loan an additional thousand dollars in the month of June; that Lehmer's estimate for the month would amount to more than $10,000. An estimate for work done by him was actually made on June 30 for the sum of $10,127, which sum was received by appellant from the state.

On June 29, Lehmer notified appellant that he was unable to perform his contract, although the record shows that he performed it until July 7. Appellant refused to pay to appellee the $10,127 received from the

state or any part thereof for the reason that Lehmer owed other indebtedness incurred in said construction, which appellant was compelled to pay. Also, by reason of the default, appellant claimed that Lehmer had caused it to suffer losses and damages. All sums advanced by the appellee to Lehmer were used to pay for labor and material in the construction and grading of said highway.

Upon these facts the cause was submitted to the court for trial. By request the court made special findings of fact, and stated its conclusion of law thereon, and rendered judgment against the appellant in favor of the appellee in the sum of $2,999 and costs. Appellant excepted to the findings and conclusion of law and filed a motion for a new trial. From an adverse ruling the appellant has perfected this appeal.

The appellant contends that said written assignment contains all the terms of the contract between the parties and merges all prior conversations and negotiations; that it could not be varied by parol evidence; that "the written instrument was an authorization to appellant to pay directly to appelle all moneys due Lehmer under the terms of his subcontract with appellant as monthly estimates should become due"; that the appellee was entitled to no more money from the appellant than Lehmer himself was entitled at the time of his default; that the assignment of April 12 transferred to appellee the net sum due to Lehmer under his subcontract, and appellee cannot recover unless Lehmer could have recovered if he had not executed the assignment. It is clear from the special findings of fact and the record that by the endorsement "Accepted: April 12, 1932", appellant intended to and did promise and agree to pay appellee at the end of each month thereafter all moneys due Lehmer on his subcontract, and thereby intended to induce appellee to make loans to Lehmer;

that appellant knew and understood that such payments were to secure appellee for loans made to Lehmer to pay for material and labor in the execution of the contract; that the instrument was accepted by appellee with the understanding that it was executed to secure the loans which it might thereafter make to Lehmer to carry out the subcontract with appellant, and was understood by appellant for the reason that at the end of the months of April and May thereafter appellant did pay to appellee the full amount due Lehmer on his subcontract.

The assignment authorized the appellant to pay to appellee "all moneys due me under the terms of my subcontract," and further "It is my understanding that payments will be made direct to the Peoples National Bank and Trust Company as monthly estimates are due me under the terms of our agreement." The appellant "accepted" the order without reservations. The foregoing instrument of April 12 said nothing in reference to what the appellee should do with any overplus which was due to Lehmer after the payment of the loans made by the bank. This and other matters were agreed upon orally by the parties. The instrument of assignment was authority only from Lehmer to appellant to make payment of the monthly estimates to the appellee. It constitutes evidence of that part of the agreement. *White* v. *Wiley* (1860), 14 Ind. 496.

At the time the appellant accepted said assignment it knew, or should have known, that Lehmer might have other indebtedness; that it was directed to pay all sums to the bank which were due Lehmer without reference to any other indebtedness Lehmer might have; that the appellee bank understood that it was advancing money to Lehmer upon the representation of both the appellant and Lehmer that all money due him should be paid to the bank; that the bank was to be paid first. The appel-

lant was as much a party to the agreement as was Lehmer; it was interested in having the bank to furnish money to Lehmer to carry out his subcontract, which assumably was profitable to the appellant. In fact, the appellant admits that it was profitable to it to have the subcontract executed for the reason that it claims that it was damaged by Lehmer's default. The appellee performed all the terms of the agreement upon its part to be performed. The appellant and Lehmer should not be permitted to escape the performance of their part of the contract, whereby they induced the appeellee to advance the money and promised that the estimates made upon said contract would be paid to the bank each month.

Upon the proposition that the appellee could not recover unless Lehmer himself could have recovered, the appellant cites and relies upon *State ex rel.* v. *City of Indianapolis* (1919), 188 Ind. 685, 123 N. E. 405; *Aetna Trust, etc., Co.* v. *Nackenhorst, Rec.* (1919), 188 Ind. 621, 122 N. E. 421, 123 N. E. 353; *City National Bank* v. *Board, etc.* (1930), 91 Ind. App. 564, 172 N. E. 201; *Florida East Coast R. Co.* v. *Eno* (1930), 99 Fla. 887, 128 So. 622, 70 A. L. R. 506, 512.

In *State ex rel.* v. *City of Indianapolis, supra,* the appellant sought to mandate the board of public works to adopt a final assessment roll fixing liens in a street improvement contract between the city and the paving company. The assessment roll had been assigned to the relator as collateral security for money loaned to the contractor. The board of public works did not accept the improvement as completed by the contractor, according to the terms of the contract, and refused to make up the assessment roll. The court found that the assignment to the relator from the contractor embraced all the "beneficial interest (of the contractor) in and to all assessments to be made by the city". Neither the relator nor the contractor was in a position to demand that the

assessment roll be made up until the street was improved according to the contract. Mandate will not issue unless the facts show a clear legal right on the part of the relator to the relief demanded, and a clear legal duty resting upon the city to do the thing demanded. Neither was shown in that case. In addition, the city was not a party to the contract between the relator and the contractor, as was the appellant in the instant case.

What has been said concerning the above case applies with equal force to *Aetna Trust, etc., Co.* v. *Nackenhorst, Rec., supra.*

In *City National Bank* v. *Board, etc., supra,* a bank loaned money to a contractor and took an assignment, as collateral security, of funds due the contractor from the board of commissioners. The board of commissioners was not a party to the contract of assignment. Laborers and materialmen were made parties to a suit by assignee, and pleaded the liens given to them under the statute. The court held that their liens were superior to the claim of the bank, which was a general creditor only. The lien holders were in court asserting their liens. The contract between the board of commissioners and the contractor expressly provided that the board was given the right to pay all persons furnishing any labor or material for the work out of funds due the contractor. It was there held that the claims of the laborers and the materialmen were superior to the claim of the bank. The facts are so different from the case at bar that that decision is not applicable to the question here involved.

The Eno Case, *supra,* upon a careful reading, does not support appellant's position.

Here the court is confronted with the proposition of the execution of the order by Lehmer, its acceptance by the appellant, and its delivery to the appellee upon the consideration that the appellee should loan money to

appellant's subcontractor to be used in the payment of claims of materialmen and laborers in the performance of part of appellant's contract with the state. The appellant actively participated in inducing appellee to make the loans and advancements to its subcontractor. No lien holders were made parties to the suit, either originally or by interpleader. The action is based upon the appellant's promise to pay to appellee all the funds designated. The appellant does not seem to contradict the proposition: That where an order is executed, made payable out of a particular fund, due and to become due from the drawee and accepted by it, based upon a valuable consideration moving from the payee, the drawee is bound to apply the fund as it accrues to the payment of the order and to no other purposes. As bearing upon this question see *Kintz* v. *Scully Steel, etc., Co.* (1916), 184 Ind. 169, 110 N. E. 986; *Van Buskirk* v. *State etc.* (1905), 35 Colo. 142, 83 Pac. 778, 117 Am. St. R. 182; 5 C. J. 922, Sec. 83, Note 69; 5 C. J. 966, Note (e); *Smith et al* v. *Bates etc. Co.* (1899), 182 Ill. 166, 55 N. E. 69; *Springfield Coal Mining Co.* v. *Industrial Board* (1920), 291 Ill. 408, 126 N. E. 133; *Trivison* v. *Steiner* (1931), 41 Ohio App. 35, 179 N. E. 208. For a general discussion of the enforcibility in equity of an assignment of a part of a debt see Annotation in 80 A. L. R. 413.

Attention is directed to the new publication, American Jurisprudence, under the subject "Assignments", 4 Am. Jur. Secs. 15, 66, 89, 93, 112, 113 and 119. It is recognized generally by the courts that where the debtor had notice of the assignment of the entire debt, and acted upon it, the rights of the parties are thereby fixed, and the assignment is superior to subsequent assignments or liens.

In the case at bar the entire amount due Lehmer was assigned to the appellee. There is no question of equities

among different parties. The question of equitable assignments has been discussed in many cases where all the parties were before the court and the court was called upon to adjust such equities among them. The appellee's action is one of law against the appellant alone upon an agreement acted upon by it. Other equitable interests are not involved. The assignment by Lehmer to appellee, accepted and acted upon by appellant, of the amount due Lehmer each month from the appellant constituted an assignment of the legal title to such amounts. Appellant knew that Lehmer had earned and had due to him from work on his contract in the month of June more than $10,000, and had knowledge of all the other facts herein referred to. In addition, it knew that Lehmer was insolvent, at least, in the month of June. It knew that under its contract with the state it was bound to pay for all labor and material used in the construction. By voluntarily subcontracting the grading to Lehmer, it took full responsibility for Lehmer's conduct. During all of the time, including the time when its officers prepared and caused to be executed and accepted the assignment to the appellee of the sums due Lehmer, the appellant knew that under the statute any person who performed labor or furnished material was given a lien for the sums due him. Although there is nothing in the record to show that any liens were filed for labor and material by any third person, yet the appellant contends that because it was compelled to pay such claims, it had the legal right to withhold from appellee all sums due to Lehmer for estimates given in the month of June.

The appellant had full notice of the assignment before it made payments to other alleged creditors of Lehmer. It distributed funds to the appellee pursuant to said assignment, and there is no showing or finding that any of Lehmer's other cred-

itors possessed liens or assignments prior or superior to the rights of the appellee. In the absence of such showing the rule is that the order of priority of rights of lienors or assignees is determined by the order of the filing of the liens or assignments. *Lee* v. *William Bailey Corp. et al.* (1935), 267 N. Y. 161, 196 N. E. 9; Annotation in 31 A. L. R. 876.

The appellee's assignment was prior in time to all of the claims alleged to have been paid by appellant for Lehmer's benefit. Even though the assignment made by Lehmer to appellee was what is sometimes called an equitable assignment, for the law governing all assignments of choses in action of the kind here involved had its origin in equity, the priorities among them are determined without regard to any distinction between legal and equitable titles. *Goodyear Tire & Rubber Co.* v. *Bagg et al.* (1935), (Mass.), 197 N. E. 481.

The appellant received the benefit of the money advanced by appellee as much as if it had applied for and received the loans itself. If the appellant suffered any loss because of the repudiation by Lehmer of his subcontract, it has no one to blame but itself. It was its duty to construct the road according to plans and specifications, and its contract with the state. It voluntarily sublet part of its work to Lehmer. It should and doubtlessly did have sufficient bond executed by Lehmer to cover such losses. If either of the parties, appellant or appellee, is to suffer loss, it should be the appellant. Indirectly it was the recipient and beneficiary of all sums so advanced. When it sublet the grading to Lehmer, it was not relieved thereby of its obligation to the state.

Under all the facts and circumstances disclosed by the special findings and the record, this court knows of no rule at law or in equity, and none has been suggested by appellant, which relieves it from the payment to ap-

pellee of the sum due for money advanced and loaned to Lehmer in June, 1932.

Appellant contends that special findings of the court, Nos. 9 and 11, are not supported by the evidence. These findings are to the effect that while the negotiations between the appellant and Lehmer concerning the subcontract were pending, Lehmer informed appellant's vice president, Johnson, that he was not able financially to carry on said work and would need financial aid; that said Johnson, Beall, and Lehmer conferred upon that subject in the city of Washington, Indiana, and Lehmer informed them that he believed he could secure the funds from the appellee bank, and Beall and Lehmer on the 12th of April, 1932, repaired to said bank and laid the whole matter before the cashier, whereupon an oral agreement was reached that the bank would loan and advance to Lehmer the sum of $3,000 per month, and the written order, or assignment, was executed.

The court further found that about the 16th of June, Lehmer informed Beall that he needed an additional thousand dollars, and asked Beall to intercede for him and see if the appellee bank would loan another thousand dollars; that Beall did so intercede and informed the bank official that Lehmer would be entitled to an estimate of about $10,000 for that month, and upon the representation of said Beall, the bank loaned the additional $1,000, making $3,000 for the month of June loaned to Lehmer, all of which was used in the payment of lawful claims for material and labor.

Appellant claims that there is no evidence in the record to sustain these findings and especially is there no evidence to the effect that it was agreed that the bank should loan $3,000 each month to Lehmer. As to the last statement, this court has been unable to discover any evidence as to the specific amount to be loaned by the

449

bank to Lehmer in the months of April and May. This is not material for the reason that all sums loaned in those months were paid from funds due to Lehmer and paid to the bank by the appellant, and were not in issue in this action.

As to the $3,000 loaned in June and the facts above recited concerning the meeting of the parties in Washington, Indiana, and the discussion of the possibility of securing funds at the appellee bank, and the execution of the order including the acceptance by the appellant and the visit of Beall to the bank concerning the thousand dollar loan, it is sufficient to say that an examination of the record discloses that the testimony of both Lehmer and Hastings, cashier of the appellee bank, fully covered all of these points and furnished sufficient basis for the court's findings.

The appellant does not question any other finding made by the court, many of which bear directly upon matters contained in findings Nos. 9 and 11.

This court is unable to find any just reason for the reversal of this action. It is therefore affirmed.