(April 8, 1940.)

AMIESITE CONSTRUCTION CORPORATION, Appellant, v. LUCIANO CONTRACTING & BUILDING CO., INC., Defendant, and JAMES H. BARRETT, as Receiver of ASSOCIATED ROAD BUILDERS, INC. (Impleaded), and HANIBAL M. FIORE, Respondents.

The assignment to respondent Fiore gave rights to the fund in question which were superior to any acquired by the appellant unless such result was prevented by the Lien Law. (Laws of 1909, chap. 38.) The plaintiff not having filed a lien, the rights that might have accrued thereunder have been lost and it occupies the position of an ordinary creditor. (*Edison El. Illuminating Co.* v. *Frick Co.*, 221 N. Y. 1; *Lee* v. *Bailey Corporation*, 240 App. Div. 65; modfd., 267 N. Y. 161.)

Lazansky, P. J., Johnston and Adel, JJ., concur; Taylor, J., dissents and, in so far as appealed from, votes to reverse the judgment on the law, with costs, and to direct judgment in favor of plaintiff, except as to the temporary injunction prayed for, with costs, with opinion. Close, J., concurs with Taylor, J.

TAYLOR, J. (dissenting). I dissent and, in so far as appealed from, vote to reverse the judgment on the law, with costs, and to direct judgment in favor of the plaintiff, except as to the temporary injunction prayed for, with costs.

Plaintiff is a materialman, under a contract for a public improvement. It did not file a notice of lien. The judgment, so far as appealed from, dismissed the complaint as to certain defendants in the action, which was brought for a money judgment and to impress a trust, and adjudged to be valid an assignment by the contractor of funds appropriated to the contract by the State, due and payable to the contractor, but not yet actually received by it. By its terms, found in section 23 thereof, the Lien Law (Consol. Laws, chap. 33) is to be construed liberally to secure the beneficial interests and purposes thereof. The law has as its general scheme and underlying purpose the securing of compensation to those who contribute labor or materials to the improvement of real property. The improvement in this case was upon real estate belonging to the State of New York — a "public improvement." (Lien Law, § 2 — definitions.) Section 25-a of the Lien Law provides that "The funds received by a contractor for a public improvement are hereby declared to constitute trust funds in the hands of such contractor" for the payment of the claims of the persons named in the section, including the materialmen. The plaintiff furnished materials to the contractor, which were used in the public improvement. Under settled canons of construction (*Standard Sand & Gravel Co. v. City of New York*, 172 App. Div. 80, 82; affd., 224 N. Y. 687; *Riggs v. Palmer*, 115 id. 506, 509; *Hayden v. Pierce*, 144 id. 512, 516; *Pierson v. People*, 79 id. 424, 434), the statute, construed liberally, must and does mean that such funds become trust funds when they are appropriated to the contract by the State and are due and owing to the contractor, although not actually received by him. The assignment involved here did not contain the trust covenant prescribed in subdivision 5 of section 25 of the Lien Law. Further, it was not filed within twenty days from its date, as required by section 16 of the Lien Law. It, therefore, derived no force or validity from the Lien Law (*Lee v. Bailey Corporation*, 267 N. Y. 161, modfg. and affg. 240 App. Div. 65; *Vulcan Rail & Constr. Co. v. Co. of Westchester*, 250 id. 212, 221; *Labre v. Nanz*, 255 id. 710) and stands merely as a common-law assignment. If the remedial purpose of section 25-a may be circumvented by the expedient of such an assignment, the section is practically a nullity, "and the Legislature did a vain thing which the law will not intend." (*Smith v. People*, 47 N. Y. 330, 340.) On the facts disclosed here, plaintiff is entitled to prevail on another theory also. Defendant assignee knew when the assignment was made that it related to funds payable for a public improvement. With that knowledge, he took the assignment subject to the obligation of the contractor to apply the funds under the statutory trust (*Seibert v. Dunn*, 216 N. Y. 237, 245, 246; see, also, *Labre v. Nanz, supra*), of which plaintiff is sole beneficiary.

Close, J., concurs with Taylor, J.