(18 Misc. Rep. 56.)

## McLAUGHLIN v. GILLINGS.

(Supreme Court, Appellate Term, First Department. September 28, 1896.)

1. NOVATION—WHAT CONSTITUTES.

Plaintiff, being indebted in separate amounts to defendant and another, gave defendant an order on one E. for the aggregate amount, and defendant agreed to collect it, and to pay over to the other creditor the amount due him. *Held* not a novation, though the other creditor assented to the arrangement.

2. RELEASE—AGREEMENT BY THIRD PERSON TO PAY CREDITOR.

An agreement between plaintiff and defendant that defendant will pay a debt due from plaintiff to a third person, though founded on a valuable consideration, does not release plaintiff from liability to such third person.

Appeal from Eleventh district court.

Action by Thomas McLaughlin against Peter Gillings. There was a judgment in favor of plaintiff, and defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Earley & Prendergast, for appellant.

Robert Lyon, for respondent.

McADAM, J. According to the facts as found by the justice, the plaintiff was employed by Gen. Earle to do certain work on the Washington House, between 159th and 160th streets, this city. The defendant did certain of the work for the plaintiff, and his bill amounted to $290. He wanted his money, and the plaintiff promised to give him an order on Gen. Earle for it, but added: "Mr. Robinson, my foreman, has $75 coming to him, and I would like to make the order $365, so that when you collect the order you may

turn $75 over to Mr. Robinson, which will settle my account with him." The defendant agreed to this. The order was accordingly made out for $365, and the defendant obtained the money on it from the drawee, but refused to pay Robinson his $75. The plaintiff, upon demand therefor, paid Robinson the $75 he owed him, and brought the present action to recover the amount from the defendant. The plaintiff declared for "money paid by mistake," but on the trial, without objection, amended his complaint by claiming for "money had and received." Robinson was present when the arrangement was made, and assented to it, and from this the defendant argues that there was a complete substitution of parties; that the plaintiff was discharged, and the defendant instead became the debtor of Robinson. The legal results flowing from the acts of the parties will be separately considered.

1. Gen. Earle, by accepting the plaintiff's draft, admitted that he had funds of the drawer sufficient to meet it. Daniel, Neg. Inst. § 534. Though, as between himself and the drawer, it was only prima facie evidence of the fact (Id.), yet, as the presumption was neither successfully rebutted nor questioned in the court below, we must assume that the parties intended it should receive the credit which presumptions are accorded in courts of justice (Herm. Estop. § 343).

2. The transaction did not amount to a novation. The plaintiff owed Robinson $75. The defendant was not indebted to either, and did not agree to become Robinson's debtor in the place of the plaintiff. "The promise by a third person to apply the debtor's own property to pay his debt is not a promise by a third person to pay it himself." Lippincott v. Ashfield, 4 Sandf. 615; De Col. Guar. & Prin. & Sur. (Am. Notes by Morgan) 84, 85. No new debt was substituted for the old one. The defendant simply agreed to collect $75 for the plaintiff, and pay it over to Robinson, who agreed to accept the money from the defendant as the plaintiff's agent; but until the actual payment of the money the plaintiff continued to be Robinson's debtor. Such is the construction of the transaction as the parties understood it, and effect should be given to their intention. Novation is never presumed, and must be clearly established by a full discharge of the original debt, the express terms of the agreement, or the acts of the parties, whose intention must be clear. 16 Am. & Eng. Enc. Law, 868; 5 Lawson, Rights, Rem. & Prac. § 2572. To constitute a novation, there must be a mutual agreement among three parties, the creditor, his immediate debtor, and the intended new debtor, by which the liability of the last-named is accepted in the place of the original debtor in discharge of the original debt; for, if the liability of the original debtor continues, there is no consideration for the new contract, and no valid substitution takes place. Add. Cont. (2d Am. Ed.) 1004; Poth. Obl. (3d Am. Ed.) marg. p. 546; Clark, Cont. (Hornbook Series) 612; 1 Pars. Cont. (6th Ed.) 218; Jaudon v. Randall, 47 N. Y. Super. Ct. 374. In Coxon v. Chadley, 3 Barn. & C. 591, the court said: "Sweet is not proved ever to have said, 'I will take you, Robert, as my debtor, and discharge James.' He is not proved ever to have said or done that which would have the effect of discharging James." Hence there was no novation.

Whether there has been a consent of all the parties sufficient to constitute a novation is a question for the jury. Dean v: Board, 73 Mich. 165, 41 N. W. 218; Lynch v. Austin, 51 Wis. 287, 8 N. W. 129. The court below found that there had been no novation; that the transaction was merely an attempt by the plaintiff to pay Robinson by means of the draft on Earle. If the defendant, when he collected the draft, had performed his promise, and paid the $75 over to Robinson, the debt against McLaughlin would have been extinguished, and every possible controversy avoided.

3. The fact that the transaction gave Robinson the right to sue Gillings on his promise to pay him the $75 owing by McLaughlin (Lawrence v. Fox, 20 N. Y. 268, and kindred cases), if he had elected that remedy, did not, in the absence of such election (Mills v. Parkhurst, 126 N. Y. 89, 26 N. E. 1041), prevent Robinson from enforcing his demand against McLaughlin, his original debtor, whom he had not released. A. cannot discharge his debt to B. by arranging with C., even upon a good consideration, that the latter will pay the debt to B.; nor can he compel B. to sue C. on his promise to pay. Even if B. should at first assent to the suggestion, he could not be held bound, in the absence of proof of novation, by his actual acceptance, or some new consideration to him whereby he had concluded himself upon the subject. The direction to C. until payment by him, or such conclusive acceptance, would be revocable by A. as a mere naked authority. Judge Comstock, in his dissenting opinion in Lawrence v. Fox, supra, made this pertinent statement (which is not at variance with the decision there rendered):

"It is plain that Holly, who loaned the money to the defendant, and to whom the promise in question was made, could at any time have claimed that it should be performed to himself personally. He had lent the money to the defendant, and at the same time directed the latter to pay the sum to the plaintiff. This direction he could countermand, and, if he had done so, manifestly the defendant's promise to pay according to the direction would have ceased to exist."

In Kelly v. Roberts, 40 N. Y. 439, the court, in reiterating the same principle, illustrates it by holding that if A. hand money to his own servant or agent, with instructions to carry and deliver it to B., which the servant or agent agrees to do, such instructions are revocable; for—

"Until such instructions have been acted upon in some manner, the servant continues the servant of A., and only his servant. So, where one hands money to his servant, agent, or friend, with a request that he visit the city, and therewith pay a note due or about to become due, can it be seriously questioned that if, before anything further is done, such one concludes to use the money for some other purpose, or to pay some other debt, he may do so? I think not. And the cases cited [Lawrence v. Fox, 20 N. Y. 268; Berly v. Taylor, 5 Hill, 517; Williams v. Fitch, 18 N. Y. 546; Gridley v. Gridley, 24 N. Y. 130; and Lowrey v. Steward, 25 N. Y. 239] do not hold the contrary, nor anything like it. * * * The simple inquiry whether, if a creditor directs his debtor to pay his note to a third person, and he assents, such creditor can revoke the direction, has never been decided in the negative, and I think it cannot be so decided on principle. * * * Suppose, for example, the debtor, having received such a direction, and agreed thereto, nevertheless neglects to pay to any one. Can it be doubted that the original creditor could maintain an action for the original debt? It would be a good defense that he had paid

it to a third person, pursuant to such an agreement; but the mere agreement,. unperformed, and not acted upon at all, would be no defense."

See, also, Aetna Nat. Bank v. Fourth Nat. Bank, 46 N. Y. 92.

Instead of availing himself of the promise made by the defendant for his benefit, Robinson elected to pursue McLaughlin, his original debtor, from whom he obtained satisfaction of his demand, thereby effectually releasing Gillings, the defendant herein, from all obligation to him resulting from his promise to pay, leaving McLaughlin, the plaintiff, to the remedy suggested by the court in Kelly v. Roberts, supra, against Gillings, the defendant, viz. recover back the $75 on the unperformed contract; for, until appropriation according to the directions given, that sum remained the money of McLaughlin.

4. The promise to pay Robinson was conditioned upon the collection of the money, for until then there would be nothing in the defendant's hands to pay with. When he received the money, and failed upon demand to pay the plaintiff's debt to Robinson, he was guilty of a breach of his contract with the plaintiff, who was still interested in having his debt extinguished, and this interest was sufficient to enable the plaintiff to maintain the action for the breach. Robinson testified that he owed nothing to the defendant, a circumstance which, if true, proves that the defendant's refusal to pay over the $75 was capricious, and in bad faith, the risk of which Robinson never agreed to assume. Robinson did not regard the order as effecting a novation, for he demanded payment of the $75 from the plaintiff; and the latter, apparently of the same mind, handed over that amount to Robinson, and then resorted to this action for the breach in the form of money had and received to and for his use. Such an action is maintainable where a party receives money belonging to another, which in equity and upon principles of natural justice he should pay over to him. Cow. Treat. § 305; Roberts v. Ely, 113 N. Y. 128, 20 N. E. 606; Roberts v. Ellwood, 116 N. Y. 652, 22 N. E. 453; 4 Wait, Act. & Def. 469; Bank v. Eltinge, 66 N. Y. 625; Chapman v. Forbes, 123 N. Y. 532, 26 N. E. 3. No fault is found with the form of remedy, the main objection being that Robinson, and not the plaintiff, had whatever right of action existed against the defendant Robinson never obligated himself to enter into any legal controversy with the defendant. He assented only to the proposition that the defendant, as the plaintiff's agent, might pay him the $75 in discharge of the plaintiff's obligation; but the defendant did not and would not pay it over, and Robinson accordingly pursued his remedy against the person to whom he had given credit. This he had a right to do. The defendant undertook to excuse the nonpayment of the money to Robinson by the plea that there was an understanding that it should be credited on an account which Robinson owed him. But the evidence so completely disproved any such contention that the appellant in his. points states that no argument is advanced on the appeal to sustain this defense, and it may therefore be regarded as no part of the case presented for review.

The judgment must be affirmed, with costs. All concur.