BRECKENRIDGE CO., Limited, v. PERKINS et al.

(Supreme Court, Appellate Division, First Department. February 12, 1897.)

1. JUDGMENT—DEFECT IN JUDGMENT ROLL—REMEDY.
     A judgment is not void, and subject to a motion to vacate, because the judgment roll, as made up, did not contain all the proper papers, the remedy being by motion to have such papers inserted.

2. REFERENCE—FORM OF REFEREE'S REPORT.
     Under Code Civ. Proc. § 1221, subd. 3, providing that in an action in which issues of both law and fact arise, where the issue last tried is tried before a referee, his report must award the proper judgment on the whole issue, the proper report of a referee on a finding for plaintiff on the issue of fact tried by him is simply a report for judgment as demanded in the complaint, and he is not required to repeat a judgment on an issue of law rendered by the court before the reference.

Appeal from special term, New York county.

Action by the Breckenridge Company, Limited, against James D. Perkins and Francis Seaverns. Defendants moved to vacate a judgment for plaintiff entered on the report of a referee, and from an order denying such motion they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

C. E. Souther, for appellants.
Wm. B. Bristow, for respondent.

PER CURIAM. The motion was to set aside the judgment, as void. The judgment was not void merely because the judgment roll did not contain the proper papers. The judgment roll, as distinguished from the judgment, was irregularly made up, because it did not contain all the proper papers. The correct motion, however, was to amend it by inserting the proper papers. Thus, the appellants have mistaken their remedy. The motion which they made was properly denied, and the order appealed from should be affirmed. The defendants, it may be added, took an erroneous view of section 1221, subd. 3, Code Civ. Proc. The referee did award the proper judgment upon the whole issue. He was not required to refer in his report to the judgment already given by the court upon the issue of law. The proper report to be made by the referee upon the whole issue was simply a report for the relief demanded in the complaint. Upon that report the postea should have recited the decision on the issue of law (that is, the order of October 28, 1893), overruling the demurrer to the reply. It should then have recited the order of reference of the whole issue, and the report on the whole issue. This should have been followed by an award of judgment upon the decision on the issue of law, and of final judgment upon the whole issue as reported by the referee.

The order should be affirmed, with $10 costs and disbursements.