being examined was charged, and in the same article it is stated that the charge against the plaintiff was uncalled for. The ruling that the evidence warranted the jury in punishing the defendant by awarding damages beyond those which the plaintiff had sustained was not justified by the facts of this case. The judgment and order should be reversed, and a new trial granted, with costs to abide the event.

BOARD OF COM'RS OF CHARITIES & CORRECTIONS, Respondent, v. McCLOSKEY, Appellant. (Supreme Court, Appellate Division, Second Department. April 6, 1897.) Action by the board of commissioners of charities and corrections against Richard McCloskey. No opinion. Application for leave to appeal to the court of appeals denied. Motion to resettle order denied. See 44 N. Y. Supp. 111.

BRADT, Respondent, v. HYDE, Appellant. (Supreme Court, Appellate Division, Third Department. March 12, 1897.) Action by Addison E. Bradt against Sarah M. Hyde. No opinion. Order affirmed, with $10 costs and disbursements.

BRECKENRIDGE CO., Limited, Respondent, v. PERKINS, Appellant. (Supreme Court, Appellate Division, First Department. March 5, 1897.) Action by the Breckenridge Company, Limited, against James D. Perkins. C. E. Souther, for appellant. W. B. Bristow, for respondent.

PER CURIAM. The judgment entered upon the report of the referee in this action finally disposed of all the rights of the parties, and it was clearly a final judgment. Gates v. Canfield, 2 Civ. Proc. R. 254. It is quite true that the judgment, as entered, was defective, in that it did not contain a recital which it should have contained. But this court has held that this judgment should not be set aside for that reason. It is therefore a valid and existing judgment, and the execution issued pursuant to it was properly issued, and should not be set aside. The order should be affirmed, with $10 costs and disbursements.

BRECKENRIDGE CO., Limited, v. PERKINS et al. (Supreme Court, Appellate Division, First Department. March 12, 1897.) Action by the Breckenridge Company, Limited, against James D. Perkins and others. No opinion. Motion denied. See Breckenridge v. Perkins, supra, and 43 N. Y. Supp. 800.

In re BRENNAN et al. (Supreme Court, Appellate Division, Second Department. March 19, 1897.) In the matter of the application of Mary Brennan, special guardian; Patrick Brennan, administrator. No opinion. So much of order as is appealed from reversed, without costs, upon the ground that the order of the special term is inconsistent with the order of this court on the previous appeal.

In re BRIGGS' ESTATE. (Supreme Court, Appellate Division, Third Department. March 8, 1897.) In the matter of the accounting of Hannah E. Andrews, as executrix, etc., of Albert N. Briggs, deceased. Nathaniel Niles (H. A. Peckham, of counsel), for appellant. Andrew Vanderzee (E. Countryman, of counsel), for respondent.

PER CURIAM. We think that sufficient appears in this case to authorize the surrogate to require an accounting. We do not pass upon the appellant's liability upon the note. The order appealed from should be affirmed, with $10 costs and disbursements. All concur.

BRISSEL et al., Respondent, v. MANHATTAN RY. CO. et al., Appellants. (Supreme Court, Appellate Division, First Department. April 3, 1897.) Action by Theresa Brissel and others against the Manhattan Railway Company and others. B. Tolles, for appellants. J. A. Weekes, for respondents. No opinion. Judgment modified by reducing the amount awarded for fee damage to $1,200, and the amount awarded for rental damage to $100 a year, and, as thus modified, affirmed, without costs of appeal to either party.

BROGAN, Appellant, v. DICKERSON et al., Respondents. (Supreme Court, Appellate Division, Second Department. April 13, 1897.) Action by Charles Brogan against Elmire M. Dickerson and others. No opinion. Judgment affirmed, with costs.

BROWN, Appellant, v. NEW YORK CENT. & H. R. R. CO., Respondent. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Charles W. Brown against the New York Central & Hudson River Railroad Company. No opinion. Motion granted. See 39 N. Y. Supp. 1121; 43 N. Y. Supp. 1151.

BROWN, Respondent, v. SHERMAN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Helen M. Brown against Nathaniel B. Sherman, as sheriff of Allegany county, and another. J. V. Goodwell, for appellants. J. S. Phillips, for respondent.

PER CURIAM. The issues in this action involve the validity of an agreement executed in conjunction with, and constituting a part of, a bill of sale of certain property from Anson D. Brown, the husband of the plaintiff, to one Decatur M. Clark, from whom the plaintiff derives whatever title she has to the property, which she alleges has been converted by the defendants. The bill of sale bears date the 11th day of April, 1883, and one of the considerations for the transfer of the property mentioned therein was the agreement of Clark to board and care for the vendor, Brown, and his family, for the term of one year from October, 1882. In September, 1883, and about a month after the marriage of the plaintiff to Brown, Clark transferred to her the property thus acquired by him from Brown, with the exception of one of the mortgages specified in the bill of sale. The plaintiff thereupon assumed the obligation of Clark to perform all the conditions mentioned in the agreement between him and Brown, and immediately thereafter Clark was released by Brown from the further performance of such