(79 Misc. Rep. 218.)

GIBBS v. WARING.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

1. NOVATION (§ 12*)—PRESUMPTION AND PROOF.

Novation is not to be presumed, but must be established by clear proof that the old obligation was extinguished and the new party assumed the obligation of the former contract.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 12; Dec. Dig. § 12.*]

2. NOVATION (§ 7*)—SUBSTITUTION OF NEW DEBTOR.

That a creditor knows a corporation has agreed to assume the debts of its organizer which were connected with the business incorporated does not of itself operate to substitute the corporation as debtor in place of the organizer, so as to release him from a debt due such creditor; there being no consent to such substitution on the part of the creditor shown.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 7; Dec. Dig. § 7.*]

Appeal from City Court of New York, Trial Term.

Action by Herbert H. Gibbs against Vechten Waring. From judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Arthur J. Carleton, of New York City (Herbert H. Gibbs, of New York City, of counsel), for appellant.

Griggs, Baldwin & Baldwin, of New York City (Charles G. Signor, of New York City, of counsel), for respondent.

SEABURY, J. This action is brought to recover a balance alleged to be due for legal services rendered by the plaintiff to the defendant. There is no doubt that the services were rendered. The question which is the subject of dispute upon this appeal relates to the claim of the defendant that there was a new contract entered into with the consent of the parties, whereby the corporation known as the Vechten Waring Company was substituted as debtor in the place of the defendant. On March 26, 1907, the defendant incorporated his business under the name of the Vechten Waring Company. An agreement was entered into between the defendant and the corporation, of which the plaintiff had knowledge, which provided that the corporation—

"shall immediately assume and become liable to pay in the due course of business all of the obligations of said Waring incurred in and about his said business."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Novation is not to be presumed, but must be established by clear proof that the old obligation was extinguished and that the new party assumed the obligation of the former contract. McLaughlin v. Gillings, 18 Misc. Rep. 56, 41 N. Y. Supp. 22; Inman v. Burt, 124 App. Div. 73, 108 N. Y. Supp. 210. The evidence falls far short of establishing that the Vechten Waring Company assumed the obligation of the defendant to pay for all the legal services rendered by the plaintiff for the defendant from March 27, 1906, to March 27, 1907, or that the plaintiff accepted the responsibility of the Vechten Waring Company and consented to the discharge of the defendant. The plaintiff received, on account of his services, several checks of the Vechten Waring Company, which were sent to him by the defendant, to whom he personally acknowledged receipt of the payments made. All of the plaintiff's correspondence in reference to his bills for services were had with the defendant personally.

[2] There is no evidence in the record that the plaintiff ever released the defendant from his obligation to him. The respondent seeks to have us infer that such a release was made from the fact that the plaintiff knew of the agreement in which the Vechten Waring Company agreed to assume the debts of the defendant incurred in reference to his business. This single fact, in view of the other circumstances disclosed, is insufficient to justify the inference which the respondent seeks to have drawn from it. We think that the learned court below erred in rendering judgment for the defendant.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.