HENRY DECKER, Plaintiff, *v.* GEORGE A. DUTCHER and Another, Defendants.

Supreme Court, Otsego County, August 2, 1935.

*Frank C. Huntington* [*Orange L. Van Horne* and *Theodore P. Feury* of counsel], for the plaintiff.

*George L. Bockes* [*James J. Byard, Jr.,* of counsel], for the defendants.

McNAUGHT, J. The motion is to set aside a deficiency judgment entered in a foreclosure action. A clear understanding of the question presented requires a consideration of the history of the action.

Upon the moving papers, the pleadings and proceedings in the action, and the conceded facts, it appears that the plaintiff and the defendants, in or about the month of September, 1932, exchanged certain real estate. As a part of the transaction the mortgage upon which this action is founded was given by the defendants to the plaintiff. Subsequently, the defendants, claiming fraud and misrepresentation, brought an action against the plaintiff to recover damages for the alleged fraud. The issues in such action were referred to an official referee to try and determine. While such action to recover damages for fraud was pending, the plaintiff here, on or about the 25th day of January, 1934, brought this action to foreclose the mortgage. Issue was joined on or about February 9, 1934. The defendants in this case set up in the answer, *first*, that there was no default in making the payments provided by the mortgage; *second*, as a defense and a counterclaim, the fraud and misrepresentation of the plaintiff. The fraud action was tried and judgment rendered in favor of the plaintiffs therein (the defendants here), for damages in the sum of $4,000. The plaintiff here (the defendant in such fraud action) appealed to the Appellate Division. While the appeal was pending, the plaintiff in this action moved under rule 113 of the Rules of Civil Practice, to strike out the answer and for summary judgment, and also to appoint a receiver. The motion came on to be heard at the April, 1934, Otsego Special Term. A receiver was appointed and subsequently this court, on June 16, 1934, on the motion for summary judgment, granted the motion, with an opinion included in the judgment roll, but not reported, the court holding: (1) There was a default under the terms of the mortgage; and (2) that having elected to seek the recovery of damages for fraud in a separate action, such alleged fraud could not be interposed as a defense or counterclaim.

The judgment of foreclosure and sale was entered in the Otsego county clerk's office July 3, 1934. Such judgment contained a provision that if the proceeds of the sale were insufficient, the referee specify the amount of the deficiency, and that the defendants pay the same to the plaintiff. The Appellate Division in an opinion handed down in July, 1934, reversed the judgment in the fraud action and granted a new trial (242 App. Div. 724). The property covered by the mortgage was sold, bid in by the plaintiff for the sum of $5,000, and the referee reported a deficiency of $6,228.18. On September 28, 1934, an order was made confirming the report of sale by the referee, but without reference to any motion relative to a deficiency judgment. The order of confirmation was entered in the Otsego county clerk's office October 1, 1934. No judgment of deficiency was then entered.

At the June, 1935, Trial Term in Otsego county, the fraud action brought by the defendants against the plaintiff was tried before a jury and a verdict in favor of the plaintiffs therein was rendered in the sum of $2,500. The verdict was rendered on June 5, 1935. On June 6, 1935, upon the request of plaintiff's attorney by telephone, a deficiency judgment was entered in this action against the defendants for $6,228.18. The defendants now move to vacate such judgment.

It is urged that the judgment roll is improperly compiled; that it does not include any judgment for deficiency, and does not include some of the pleadings and papers relative to the several proceedings in the action. We do not consider these objections of substantial merit. The failure to include all necessary or proper papers in a judgment roll does not affect the validity of the judgment. (Rules Civ. Prac. rule 202; Civ. Prac. Act, § 109; *Breckenridge Co.* v. *Perkins*, 14 App. Div. 629; *Griffin* v. *Griffin*, 212 id. 107; *Peters* v. *Berkeley*, 219 id. 261.) The defendants might properly have moved to correct or amend the judgment roll by inserting therein all the necessary and proper papers. It appears, however, that the papers referred to were filed subsequent to the service of notice of motion.

The docket of the deficiency by the clerk is merely a clerical act pursuant to the directions of the judgment of foreclosure and sale as entered. An execution may be issued for a deficiency before confirmation of the report of the referee. (*Morris* v. *Morange*, 38 N. Y. 172; *Wager* v. *Link*, 134 id. 122; *Feiber Realty Corp.* v. *Abel*, 265 id. 94, 98.)

A much more serious and doubtful question is presented for our consideration as to the authority to enter a judgment of deficiency in this action, except upon application to the court, and a deter-

mination by the court under the provisions of section 1083-a of the Civil Practice Act. A determination of such question requires a consideration of the so-called mortgage moratorium statutes.

At the Extraordinary Session of the Legislature in the year 1933, in connection with other moratorium statutes, there was enacted chapter 794 of the Laws of 1933, effective August 28, 1933. This act was in relation to deficiency judgments in actions to foreclose mortgages on real property and actions to recover judgments on bonds secured by mortgages on real property. Section 1 was a legislative declaration and determination of the existence of an emergency, and provided that the enactments contained in such act should apply until July 1, 1934. Section 2 enacted two new sections, 1083-a and 1083-b of the Civil Practice Act, and provided when and the manner by which a deficiency judgment could be granted. Section 3 provided that if any portion of the act was declared unconstitutional it should not affect any other section, provision or part. Section 4 declared the period of the emergency from the date the act took effect until July 1, 1934, and then provided: " This act shall not apply to mortgages dated on or after July first, nineteen hundred thirty-two."

The limitation upon the right to a deficiency judgment during the emergency period provided in substance that an application must be made to the court to determine the fair and reasonable market value of the mortgaged premises as of the date of sale, and provided that the deficiency should be determined by the court by setting off that fair and reasonable market value against the amount of the judgment, with interest and costs.

The mortgage here in question was dated September 7, 1932, and acknowledged September 20, 1932. At the session of the Legislature in the year 1934 there was enacted chapter 277 of the Laws of 1934, effective April 23, 1934, which act amended sections 1 and 4 of chapter 794 of the Laws of 1933, by re-enacting the declaration of the emergency and prescribing the enactments apply until July 1, 1935, and by amending section 4, providing the period of the emergency should be until July 1, 1935, and continuing the provision that the act should not apply to mortgages dated on or after July 1, 1932.

At the same session two acts were passed amending section 1083-a of the Civil Practice Act. Chapter 564 of the Laws of 1934, effective May 12, 1934, by the first section amended section 1083-a. By the second section it was provided: " The provisions of section ten hundred eighty-three-a, as amended, shall apply to all actions to foreclose mortgages on real property now pending in the courts of this state." Likewise, there was enacted chapter 562 of the Laws

of 1934, effective May 14, 1934, which amended section 1083-a by providing for the disposition of moneys in the hands of receivers and mortgagees in possession in foreclosure. actions, and altered the section in some other minor respects. Section 2 of chapter 564 of the Laws of 1934 was in no manner referred to, was not amended, or repealed.

We are unable to find that the Legislature has at any time repealed, amended or modified the provisions of section 2 of chapter 564 of the Laws of 1934, and it was in effect when the judgment of foreclosure and sale was granted herein on June 22, 1934, when the sale occurred, when the referee's report was filed, and when the order confirming the referee's report was made and entered.

It is unnecessary to discuss the question of the validity and constitutionality of the moratorium statutes. They have been held constitutional. (*Klinke* v. *Samuels*, 264 N. Y. 144.)

The statutes are not retroactive and do not apply to any foreclosure where a judgment was entered prior to the date of their taking effect. (*Feiber Realty Corp.* v. *Abel, supra.*)

The plaintiff contends that the mortgage here involved, having been executed subsequent to July 1, 1932, the moratorium statutes relative to deficiency judgments in no manner apply. Considering only the language of section 4 of chapter 794 of the Laws of 1933, as amended by chapter 277 of the Laws of 1934, this would apparently be correct. We find, however, that subsequent to the enactment of chapter 277 of the Laws of 1934, the Legislature, by chapter 564 of the Laws of the same year, specifically provided that the limitation upon deficiency judgments during the emergency period as provided by section 1083-a, as amended, should apply to *all actions* to foreclose mortgages pending in the courts of this State when the act took effect. The act was effective May 12, 1934. This action was then pending in this court. We are unable to construe the enactment in question as meaning other than the plain import of the words used. The provision is antagonistic to the provisions of section 4 of chapter 277 of the Laws of the same year. The provisions may be said to be in irreconcilable conflict. If the two statutes can be so construed that they will be in harmony, it is our duty to give them such construction, but if that cannot be accomplished, it is likewise our duty to declare that the provisions of the later statute control, and such former statute must be deemed to be repealed by implication as to all pending foreclosure actions; otherwise, the plain intent of the Legislature is prevented from due operation. (*Matter of W. S. A. & P. R. R. Co.*, 115 N. Y. 442, 449; *Matter of Tiffany*, 179 id. 455, 457.)

lt is evident to us that it was the purpose and intent of the Legislature by section 2 of chapter 564 of the Laws of 1934, to apply the provisions of the moratorium statutes relating to deficiency judgments in foreclosure actions, to all actions pending at the time the enactment took effect, irrespective of whether the mortgage had been executed prior or subsequent to July 1, 1932. No other construction seems possible to us, considering the language used. The fact the judgment of foreclosure may have contained a clause to the effect that the deficiency should be paid by the defendants, and the plaintiff should have execution therefor, did not vest in the plaintiff the right to a deficiency judgment which was not permitted or authorized by law.

We are, therefore, convinced that under the provisions of section 1083-a of the Civil Practice Act, as in effect at the time the judgment was granted, and in view of the provisions of section 2 of chapter 564 of the Laws of 1934, the judgment of deficiency entered herein on the 6th day of June, 1935, was without authority of law and is void.

We have not discussed the question of the inherent power of a court of equity to control the entry of deficiency judgments, or to require application to be made for the entry thereof. (See *Monaghan* v. *May*, 242 App. Div. 64, 67; *Kurtz* v. *Ferrante*, 243 id. 739.)

The deficiency judgment entered herein in the Otsego county clerk's office on the 6th day of June, 1935, for $6,228.18, is vacated and set aside. The execution issued thereon is likewise vacated and set aside, with ten dollars costs of this motion.

Submit order accordingly.