Shore Bridge Corporation, Appellant, *v.* Utica Structural Steel, Inc., et al., Appellants, First Trust Company of Albany, Respondent, Fidelity and Deposit Company of Maryland, Appellant, et al., Defendants.

Third Department, March 7, 1945.

*Thomas E. White* for assignee of plaintiff-appellant **and** defendant lienors-appellants.

*Dugan, Barkhuff & Dugan* *(P. C. Dugan* of counsel), for Fidelity & Deposit Company of Maryland, appellant.

*Cooper, Erving & Savage* *(Edward S. Rooney* of counsel), for respondent.

BREWSTER, J. This action is for the foreclosure of a lien filed by the plaintiff, a subcontractor, upon moneys due under a contract entered into September 12, 1940, between a general contractor and the State for the construction of a public improvement. The contract was partially performed and upon the contractor's default the State completed it, after which something over $10,000 remains of the sum appropriated therefor.

In 1940 and 1941 the general contractor made assignments to the respondent trust company of all moneys due and to grow due under the contract. These were duly drawn and filed as required by the statute (Lien Law, § 16, § 25, subd. 5) and upon them the assignee made all the advances of moneys here in question before any other party filed any notice of lien. From time to time during the interim of the advances and the notice of any lien the assignee trust company received from the State various sums of moneys earned by the assignor contractor as it progressed its work. In the two instances which have given rise to the controversy presented by this appeal, and which occurred on April 26 and June 6, 1941, the assignee trust company did not apply all the moneys it so received toward the payment of the indebtedness arising from its advances but instead made

certain amounts thereof over to the contractor. Appellants contend that in doing that the assignee lost its priority given by subdivision 1 of section 25 of the Lien Law, to the extent that it so forbore. The contention is untenable. When the moneys came into the hands of the assignee they belonged to it to do with them as it chose to the extent of the contractor's indebtedness to it. (*Riverside Cont. Co.* v. *City of New York,* 218 N. Y. 596, 612.) Whether to apply them toward payment of the indebtedness, or to relinquish that right, or to make of them a further advance to the contractor in reliance upon the assignments, was a choice the assignee had the right to make. In the hands of the assignee the moneys were not impressed with any trust as concerned the appellants. It was only when they came into the hands of the contractor, either as additional advances by the assignee, or by relinquishment of the latter's claim thereto, that they were so impressed, as defined by the statute; and, as such trust funds, the assignee was expressly freed from any obligation as to their future application. (Lien Law, § 25, subds. 5, 6; § 25-a.) The validity and effect of the assignments, good at common law, are qualified only by the statute. (*Arrow Iron Works, Inc.,* v. *Greene,* 260 N. Y. 330, 340–341; *Lee* v. *Bailey Corporation,* 267 N. Y. 161; *Riverside Cont. Co.* v. *City of New York, supra.*) Whether the transactions whereby the moneys which the assignee received and made over to the contractor are to be treated, technically, as further advances or as a relinquishment of the right to apply them upon the indebtedness, in either case, there is naught in the statute which affects the assignee's priority to moneys it subsequently received or to which it became entitled as covered by the assignments.

In forbearing as it did the assignee increased the amount of the trust fund which the statute made available for the protection of the appellants. This could not affect the assignee's priorities as to other moneys which subsequently came due under the contract and were still covered by the assignments. No fraud or collusion is charged. No equities arise in favor of the lienors as against the assignee. On the contrary, the assignee's forbearance to take its pay was to the advantage of those who later became lienors in that it increased the fund trusteed for the payment of their claims. Even though at that date, as to the trust nature of the moneys in the contractor's hands, there was no available civil remedy, " a measure of protection " was afforded by section 1302 of the Penal Law. (*Raymond Concrete Pile Co.* v. *Federation Bank,* 288 N. Y. 452, 462.) That they were unable to secure their payments therefrom, for whatever

reason, may not be charged to one who thus added to an advantage they had but failed to secure. To penalize one because he afforded the advantage would be inequitable. The judgment as appealed from should be affirmed, with costs.

All concur.

Judgment affirmed, with costs. Finding number 11 in the decision is modified to read as follows: by substituting therein in place of the sum of $7,476.23, the sum of $7,900.