ACETATE BOX CORPORATION, Plaintiff, *v.* L. GEORGE JOHNSEN et al., Doing Business as UNITED POWDER PUFF COMPANY, Defendants.

Supreme Court, Trial Term, Kings County, January 29, 1948.

*Lawrence Isaacs* for plaintiff.

*P. S. Birnbaum* for defendants.

F. E. JOHNSON, J. This trial presented the unusual situation of defendants sued for the unpaid purchase price of goods who were not allowed to counterclaim for alleged breach of contract, on the ground that the contract had been assigned before performance by plaintiff began, and therefore any breach thereof must be sued upon by the assignee. A valid assignment operates to transfer to the assignee all the right, title or interest of the assignor in the thing assigned and passes the whole right of the assignor, nothing remaining in him capable of being assigned, and he has no further interest in the subject of the assignment. (6 C. J. S., Assignments, § 82, pp. 1136, 1137.)

The agreement for the sale and delivery of boxes was made between the plaintiff and the defendant partnership, but before deliveries were begun the partnership transferred all its assets to a corporation formed by the partners, and which thereafter continued the partners' former business; the name under which the partners had been doing business was United Powder Puff Company, and that of the corporation was United Powder Puff Company, Inc.; the officers and stockholders of the corporation included members of the former partnership.

The result of that transfer of assets was that the partners, who could not assign their liabilities but could assign their assets, ceased to have any contract, although they would be liable for the amount due the plaintiff thereunder. To constitute a *novation* the original obligation must be extinguished, and there must be a mutual agreement *among the parties to the old obligation and the new* whereby the new obligation is substituted for the old. (*Inman* v. *Burt Co.*, 124 App. Div. 73, affd. on opinion below, 195 N. Y. 558; *Donemore Clothing Co.* v. *Shapiro*, 202 N. Y. S. 258, 259 [App. Term, 1st Dept.]; *Gibbs* v. *Waring*, 79 Misc. 218 [App. Term. 1st Dept.]; *Leggat* v. *Leggat*, 79 App. Div. 141, 146, affd. 176 N. Y. 590.)

The attempt by the defendants at this trial to show a novation failed; the plaintiff was not shown to have agreed to accept the corporation as its purchaser but continued to make deliveries at the same place, always sending the goods under the old name. It could not, therefore, be found that plaintiff had dealt with the corporation, or agreed to accept it as the buyer, or to substitute it in the contract; its consistent attitude in continuing to ship to the partnership name saved it from

being held to have lost its rights against the *partners*; there being no question about quantities or price, the unpaid balance is *their* liability.

Their answer attempted to set up a counterclaim, but they plainly were setting it forth in the name of the corporation to which the contract had been assigned, and which alone could sue for damages for breach of contract rights. The rights of the corporation could not be involved in this trial and, therefore, cannot be adjudicated by this ruling; the most that can be said is that the defendant partners have failed by a fair preponderance of evidence to show a state of facts out of which a novation would arise, and by which the partners would be released from liability under the contract, and the corporation substituted in their place.

Whatever rights the defendants may have had to bring in the corporation under sections 192, 193 and 193-a of the Civil Practice Act must be exercised before the trial begins, since a trial must proceed upon pleadings; there was abundant time for them to bring in their own corporation as a third party if that could be done but the application must be made prior to the trial by motion *in Special Term*. The decision cited by defendants (*Tyrell, Inc.*, v. *Vahlsing*, 69 N. Y. S. 2d 602) was a ruling made upon a motion in Special Term.

Whether or not such motion could be granted here need not be decided, but it might be pointed out that the third party is a corporation which these defendants formed when they decided to incorporate their business; there is nothing in the record to indicate that they are not now the officers, and owners of a substantial share of its property through stock ownership; if they have a claim against it for the amount they may have to pay to plaintiff because the corporation, as alleged in the answer here, agreed to assume the debts there does not seem to be any need for a court trial to have their own corporation pay them what it owes them.

Therefore, the object which seems to underlie recent amendments to these sections is not the one which they had in mind when they speak of bringing in the corporation; what they really meant is that they want the corporation to be allowed in this action to *sue the plaintiff for damages*. No authority has been submitted showing that such use of these sections has been made in permitting third parties to come in that *they may sue the plaintiff*; as indicated in the *Tyrell* case (p. 604) it is the rights of the *defendant against the third party arising out of the plaintiff's claim* which is the reason for bringing in that

third party, so the two aspects of the *one* controversy may be disposed of in one action.

Here it is apparent that would not be the purpose of such an impleader, but rather to give that third party a chance to sue the plaintiff when it failed *to bring its own action* against the plaintiff; it seems, therefore, that the trial motion to amend to bring in the corporation was properly denied for lack of power, aside from the fact that established and orderly procedure require that the application be made in Special Term.

Judgment for the plaintiff for the amount sued for.