William F. Christiana, S.
Decedent died on June 29, 1935, a resident of this county, and his estate was administered in this court. One of his distributees was his father, John T. Murphy, Jr., who resided in Montana. On October 18, 1935, said John T. Murphy, Jr. executed an assignment of one half of his interest in decedent’s estate to his attorneys, C. A. Spaulding and James Donovan who were residents of Montana. Spch assignment was executed and acknowledged in the State of Montana and was recorded in this court on November 7, 1935.
The pertinent provisions of the assignment read as follows: “ the undersigned hereby assigns and transfers to the said C. A. Spaulding and James Donovan, share and share alike, one half of his distributive share of the estate of his said son, John T. Murphy, III, the same to be paid and turned over to the said C. A. Spaulding and James Donovan, share and share alike, when and at the time of the distribution of said estate, and hereby authorizes and directs the distribution of his share of said estate to be made accordingly.”
Decedent’s estate was judicially settled by decree of this court dated and entered May 15, 1936. Payment was made to Spaulding and Donovan under the above decree, pursuant to the assignment, in accordance with their respective interests and receipts for their distributive shares taken and filed.
The estate of decedent, having been so judicially settled, lay dormant of record in this court until February 4, 1957. On that date, the administratrix of decedent filed a petition moving the judicial settlement of her second account of proceedings, filed simultaneously with said petition, and obtained a citation on publication directed to all interested parties. From the petition and second account, it appears that John T. Murphy, I, grandfather of decedent, who died May 22, 1914 in the State of Montana, created a trust under his will, whereby he directed that the income therefrom be paid to his son, said John T. Murphy, Jr., for and during the lifetime of said son, and upon the death of said John T. Murphy, Jr., said will directed that *41 the corpus of said trust be distributed to and among the children of said John T. Murphy, Jr.
The moving papers herein further allege that said John T. Murphy, Jr., died a resident of the State of California on July 7, 1955. Upon his death it is shown that the Union Bank and Trust Company of Helena, Montana, the accounting trustee of the trust created under the will of John T. Murphy, I, commenced a proceeding for the judicial settlement of its account as such trustee in the District Court of the first judicial district of the State of Montana in and for the County of Lewis and Clark. On such proceedings, it was contended that the estate of the decedent herein, John T. Murphy, III, was not entitled to share in the distribution of said trust fund by virtue of the fact that decedent had predeceased his father. Nevertheless, on or about September 17, 1956, it was decreed by the Montana court, among other things, that the estate of decedent herein, John T. Murphy, III, was entitled to participate in the fund being distributed. In fact, during 1932 and previous to the date of the assignment, it appears that extensive litigation in the Murphy family in Colorado had already resulted in a judicial determination that John T. Murphy, III, had a vested interest in the trust created under the mil of Murphy I. (Estate of Murphy, 99 Mont. 114.) This condition of affairs must have been known to the assignor when he executed the assignment.
On or about January 2, 1957, decedent’s distributive share of the Murphy trust was paid to petitioner as the administratrix of the estate of John T. Murphy, III. These additional moneys amounting to approximately $63,000, now in the hands of petitioner, has necessitated this proceeding for a second judicial accounting.
The petition in this proceeding further alleges the existence of a dispute between Yvonne Dantzcher, as administratrix with the will annexed of the estate of said John T. Murphy, Jr., the original assignor herein, and the successors in interest of Spaulding and Donovan, the original assignees, both of whom are now deceased. The said administratrix with the will annexed of John T. Murphy, Jr., asserts that no interest in the recently acquired assets now in the hands of the administratrix of John T. Murphy, III, pass to the distributees of Spaulding and Donovan pursuant to the assignment under consideration. The successors in title to Spaulding and Donovan claim, on the other hand, that they are entitled to receive, pursuant to the terms of the assignment, one half of the distributive share of the estate of John T. Murphy, Jr., in the current assets about *42 to be distributed by petitioner as the representative of the estate of decedent, John T. Murphy, III. We are thus called upon to determine whether the moneys in dispute pass under the assignment or are to be delivered to the said administratrix with the will annexed for ultimate distribution to those who may be entitled to receive under the will of John T. Murphy, Jr.
While not entirely free from doubt, modern authority tends to hold in matters of this nature that the law of the situs of the personal property involved rather than that of the domicile of the parties is controlling. (Hutchison v. Ross, 262 N. Y. 381; Weissman v. Banque de Bruxelles, 254 N. Y. 488.) In fact, counsel for those contesting the applicability of the assignment, while attacking its validity under the laws of Montana, conceded on the argument that the law of the situs may well control. At any rate, the record before us is barren as to proof of any foreign jurisprudence and we conclude that the. law of the forum is applicable.
The general rule applying to the coverage of assignments seems to be well stated in Weiner v. Tele King Corp. (123 N. Y. S. 2d 101, 103) where the court said: ‘“A valid assignment operates to transfer to the assignee all the right, title and interest of the assignor in the thing assigned and passes the whole right of the assignor, nothing remaining in him capable of being assigned, and he has no further interest in the subject of the assignment. ’ Acetate Box Corp. v. Johnsen, per F. E. Johnson, J. 193 Misc. 54 at page 55, 80 N. Y. S. 2d 134 at page 135.”
In Griffey v. New York Central Ins. Co. (100 N. Y. 417, 422) the Court of Appeals declared: ‘ ‘ An assignment is a transfer or setting over of property, or of some right or interest therein, from one person to another, and unless in some way qualified, it is properly the transfer of one whole interest in an estate, or chattel, or other thing.” (See, also, 6 C. J. S., Assignments, § 82, pp. 1136, 1137.)
It is to be observed that the language contained in the assignment at bar is absolute and unrestricted on its face. The instrument has been in force and has stood unmolested for nearly 22 years. With the exception of the moving papers in this proceeding, it constitutes the only record before us. Its wording is bluntly simple and seems to require no interpretation nor translation. Sympathetic as we may be to the point of view of those contesting its plain and unlimited phraseology, we feel powerless to speculate on such questions as to what the parties intended, whether the consideration was adequate, what were the facts and circumstances surrounding its execution, *43 whether fraud or undue influence was involved in its inception and whether its enforcement may result in unjust enrichment. Indeed, assuming proof relating to such matters were now available, it would appear that lapse of time would constitute a formidable barrier to any attack on its validity. The language of the court in Parmelee v. Cameron (41 N. Y. 392, 395) where an action was brought to rescind the assignment of a legacy on the ground of inadequacy of consideration, may be appropriately quoted here: “ ‘ It is not enough to induce a court of equity to interfere, that a bargain is hard and unreasonable. Every man is presumed to be capable of managing his own affairs, and whether his bargains are wise or unwise, is not ordinarily a legitimate subject of inquiry in a court of either legal or equitable jurisdiction.’ ”
The original parties were free to define the boundaries of their agreement and to make it as broad or as narrow as they chose. We are totally without authority to reform or rewrite their contract. If there was overreaching as between attorney and client, there is no proof of the fact upon which we may pass and in any event matters would now seem to be long beyond that point.
The assignment is sustained. It is held that its terms and provisions cover and include one half of the interest of the estate of John T. Murphy, Jr., in the assets now held by petitioner as administratrix of decedent’s estate and that such moneys must be paid over to the distributees of Spaulding and Donovan, under the assignment, as their respective interests may appear.
Submit decree on notice settling the second account of petitioner in accordance with this opinion.