Kenneth S. MacAffer, J.
This is an application by the judgment creditor for an order directing Arthur Levitt, Comptroller of the State of New York, pursuant to subdivision 2 of section 794 of the Civil Practice Act to pay to the judgment creditor the amount of its judgment of $3,582.13 from certain funds in the Comptroller’s hands payable to the judgment debtor, Herkimer Construction Corp., under a contract between the State of New York and said judgment debtor.
The First National Bank of Herkimer (hereinafter referred to as the Bank) appears and serves a notice of cross motion for an order directing the Comptroller to pay the said moneys in his possession to it as assignee of the said fund by a written assignment from the Herkimer Construction Corp. filed with the Comptroller.
The amount in the hands of the Comptroller payable to the Herkimer Construction Corp. is the sum of $3,598.50. The amount advanced by the Bank to the contractor is the sum of $3,123.23. The judgment in favor of the judgment creditor is the sum of $3,582.13 and was entered June 2, 1953. These proceedings supplementary to execution under article 45 of the Civil Practice Act were commenced by the service of a third-party subpoena on the Comptroller on June 5, 1958. (Civ. Prac. Act, § 774.)
The Bank filed with the Comptroller on May 26, 1958 an assignment to the Bank from the Herkimer Construction Corp. of all the moneys due or to become due the said company under its contract with the State.
This assignment did not contain the trust fund clause required by subdivision (5) of section 25 of the Lien Law. After the service of the third-party subpoena on June 5, 1958 the Bank on June 9, 1958 filed another assignment from the said judgment debtor which contained said trust fund clause. Neither assignment, however, was filed with the Department of Public Works.
The Bank contends that the papers filed in the Albany County Clerk’s office, when the judgment was entered, did not include *600 a summons, a complaint, an affidavit of service of either and no other papers that would serve as a confession of judgment and that therefore under section 503 of the Civil Practice Act no proceedings to enforce the judgment can be taken. The attorney for the judgment creditor states that the missing papers were filed on July 25, 1958. The judgment creditor contends that in any event, until the judgment is set aside under section 521 of the Civil Practice Act, for such irregularity, the judgment cannot be attacked collaterally.' (People v. Townsend, 133 Misc. 843.) The court is of the opinion that the contention of the Bank cannot be sustained. In the case of Decker v. Dutcher (156 Misc. 488, revd. on other grounds 247 App. Div. 689) the court said at page 490: It is urged
that the judgment roll is improperly compiled; that it does not include any judgment for deficiency, and does not include some of the pleadings and papers relative to the several proceedings in the action. We do not consider these objections of substantial merit. The failure to include all necessary or proper papers in a judgment roll does not affect the validity of the judgment. (Rules Civ. Prac., rule 202; Civ. Prac. Act, § 109; Breckenridge Co. v. Perkins, 14 App. Div. 629; Griffin v. Griffin, 212 id. 107; Peters v. Berkeley, 219 id. 261.) The defendants might properly have moved to correct or amend the judgment roll by inserting therein all the necessary and proper papers. It appears, however, that the papers referred to were filed subsequent to the service of notice of motion.” The objection of the Bank in this respect is therefore overruled.
It is conceded that the assignments to the Bank are invalid under section 16 of the Lien Law because the first did not contain the trust fund clause and because neither assignment was filed with the Department of Public Works. The Bank contends that nevertheless the assignment is valid as a common-law assignment and that the Bank is entitled to priority of payment of the amount due it over payment to the judgment creditor. The judgment creditor contends that the assignment being invalid under the Lien Law is invalid for all purposes and that the judgment creditor is entitled to priority of payment over the Bank.
The provisions of the Lien Law with respect to the rights of lienors and assignees govern the rights and remedies of the lienors and assignees between themselves. (Amiesite Constr. Corp. v. Luciano Contr. Co., 284 N. Y. 223; Grutzner v. Howard, 167 Misc. 540; Shore Bridge Corp. v. Utica Structural Steel, 268 App. Div. 714, affd. 295 N. Y. 619.) The assignment to the Bank of May 23,1958 may be invalid as to mechanics’ lienors or *601 subsequent assignee under the Lien Law but its invalidity under the Lien Law does not render the document completely ineffective and inoperative. (Amiesite Constr. Corp. v. Luciano Contr. Corp., supra.)
The assignment of May 23, 1958 transí irred to the Bank the equitable ownership of the moneys due and to become due the Herkimer Construction Corp. under the State contract (Acetate Box Corp. v. Johnsen, 193 Misc. 54; Weiner v. Tele King Corp., 123 N. Y. S. 2d 101; Matter of Murphy, 7 Misc 2d 39) to the extent of the moneys advanced by the Bank to said contractor.
The contractor continued to have a property interest in the balance of the moneys due and to become due from the State. In the case of Matter of Eisenburg v. Mercer Hicks Corp. (199 Misc. 52) the court said at page 54: “ But the lien which a judgment creditor obtains by commencing his supplementary proceeding is a lien upon only such interest in the property as the judgment debtor has. His rights under his lien cannot rise higher than the rights of the judgment debtor. He cannot get more than the judgment debtor had (34 C. J., Judgments, § 903, p. 591; Trenton Banking Co. v. Duncan, 86 N. Y. 221, 227; Lafayette Trust Co. v. Beggs, 213 N. Y. 280, 288; Beman v. Douglas, 1 App. Div. 169; Fox v. Sizeland, 170 Misc. 390, 400; United States v. Certain Lands, 44 F. Supp. 830; Coldiron v. Asheville Shoe Co., 93 Va. 364, 372; Dir.gus v. Minneapolis Improvement Co., 98 Va. 737, 748; Borst v. Nalle, 28 Grat. [69 Va.] 423, 433; Floyd v. Harding, 28 Grat. [69 Va.] 401, 407; Shipe, Cloud & Co. v. Repass, 28 Grat. [69 Va.] 716, 722, 723; Cowardin v. Anderson, 78 Va. 88).”
The judgment creditor acquired a lien on the balance of such indebtedness owing by the Comptroller to the judgment debtor on the date of the service of the third-party subpoena on the Comptroller on June 5, 1958. (Matter of Wickwire Spencer Steel Co. v. Kemkit Scientific Corp., 292 N. Y. 139; Civ. Prac. Act, § 781.) However, there was no obligation on the part of the Bank to make advances on the assignment to the contractor. At the time of the service of the third-party subpoena the Bank had made advances to the contractor as follows: May 27, 1958,. $677 and May 29, 1958, $550, a total of $1,227. Advances to the contractor totalling $1,896.23 were made by the Bank subsequent to June 5, 1958. To the extent of this sum of $1,227 the Bank is entitled to priority over the judgment creditor. (Hyman v. Hauff, 138 N. Y. 48; Seamon v. Federated Films, 142 N. Y. S. 2d 324, 330.)
*602 However, there is no authority for this court to direct payment of the amount due the Bank in this proceeding. (Matter of Dannenberg v. Leopold & Co., 188 Misc. 250; Civ. Prac. Act, § 794.) The court must leave the Bank to its appropriate remedy outside this proceeding.
Subtracting the aforesaid sum of $1,227, the amount due the Bank, from the sum of $3,598.50, the amount due the contractor, leaves the sum of $2,371.50 available for payment to the judgment creditor on account of its judgment. The sum of $2,371.50 shall be paid by the Comptroller to the judgment creditor on account of its judgment.
Judgment creditor to submit order.