In the Matter of S. LETO CONSTRUCTION CORP., Respondent-Appellant, against HERKIMER CONSTRUCTION CORP. et al., Judgment Debtors, and FIRST NATIONAL BANK OF HERKIMER, Appellant-Respondent.

Third Department, April 23, 1959.

*Philip O'Donnell* for appellant-respondent.

*Morton M. Z. Lynn* for respondent-appellant.

*Louis J. Lefkowitz,* Attorney-General.

*Per Curiam.* On June 2, 1958 a judgment in favor of plaintiff S. Leto Construction Corp. was entered in the Supreme Court against Herkimer Construction Corp. for $3,582.13. The judgment was entered by the clerk without application to the court.

It was not supported by a judgment roll. An affidavit was filed by the attorney for plaintiff that a stipulation had not been complied with, and this was the sole basis for entry of the judgment. The text of the affidavit thus filed with the clerk is not in the record before us.

The undisputed proof by affidavit in the record before us is that at the time of the entry of judgment "no summons, no affidavit of service of any summons, no complaint, verified or otherwise, no stipulation" had been filed and "no sworn statement of any of the defendants, sufficient to serve as the basis of judgment by confession".

The judgment thus entered was not supported by a judgment roll. Defendant was then engaged in a contract for a public improvement with the State of New York and on June 5 the judgment creditor filed a third-party subpœna on the State Comptroller.

On May 23 the judgment debtor had assigned to the First National Bank of Herkimer all moneys due or to become due

on the contract; this was filed May 26 with the Comptroller, but not in the office of the Department of Public Works, as required by section 16 of the Lien Law and it did not contain the " trust fund " clause required by section 25 of the Lien Law.

The assignee advanced $3,123.23 to the judgment debtor for the purposes of the contract. Of this sum $1,217 was advanced before the service of the third-party subpœna on the Comptroller.

On June 23 the plaintiff instituted a third-party proceeding to require the Comptroller to pay the amount of the judgment from the proceeds of the public contract payable to the judgment debtor. On this proceeding the Comptroller did not appear; but the assignee bank appeared in opposition and made a cross application to pay the proceeds to it as a prior assignee.

The debt of the judgment creditor did not arise out of the contract for the public improvement; and the amount due on the contract, as it now appears, would not be large enough to pay either claim in full. At the Special Term the bank raised the question of enforcibility of the plaintiff's judgment because of the defect in papers on its entry.

It now appears, upon proof filed by the Comptroller in a motion in this court to dismiss the appeals and to have the parties brought into a pending lien foreclosure action, and for other relief, that while the application of the judgment creditor and the cross application of the assignee bank were pending before the Special Term, and three weeks before the entry of the order at Special Term, a lien was filed with the Comptroller against the fund arising from the public improvement.

The Comptroller did not call this to the attention of the Special Term while the proceeding was pending; and on August 21 the order was entered directing the payment of a portion of the fund to the judgment creditor, and ruling that the bank did not have a valid statutory assignment under the Lien Law but had a common-law assignment to the extent of advances made by it prior to the service of the third-party subpœna. The Special Term (13 Misc 2d 598) held that a direction for the payment of the bank's claim could not be made on a cross motion in the judgment creditor's supplementary proceeding.

The court ruled that plaintiff's judgment, good on its face, was not subject to collateral attack by the assignee. Both parties appeal to this court, each claiming the full amount of the fund.

The Comptroller's application, made here while the appeal was pending, to have the parties brought into a pending foreclosure action, for a dismissal of the appeals, and for other

relief, showed that subsequent to the entry of the order in this proceeding other liens have been filed and an action in foreclosure is now pending in which all the adverse rights of all claimants to the fund from the public improvement, including these parties, can be fully determined.

That part of the motion seeking to add the Comptroller as a " party " to this proceeding has heretofore been denied (7 A D 2d 955) on the ground the Comptroller was a party from the very beginning of the proceeding; and the other relief asked by the Comptroller in this court was reserved until the argument of the appeal.

We are of opinion that while the judgment is valid on its face and as a judgment is not subject to collateral attack, nevertheless it could not be enforced at the time of the service of the third-party subpœna and at the time of the institution of this proceeding.

The language of section 503 of the Civil Practice Act is explicit in this respect. A " proceeding to enforce or collect " a judgment " cannot be taken " until the judgment roll is filed. No right or lien to the fund attached, therefore, by virtue of either the subpœna or the third-party proceeding; and the assignee whose rights were adversely affected was in a proper position to raise the objection even though the third party himself (the Comptroller) did not raise it. This is not a collateral attack on a judgment; it is a contention by a party whose rights are shown affected that the proceeding to enforce the judgment has not properly been taken.

The opinion at Special Term states (p. 600) that the attorney for plaintiff advised the court that " the missing papers ", i.e., presumably the papers needed for a judgment roll, were filed July 25; but nothing in the record before us shows such a filing or what the papers were; and in any event, in the view we take of the case, the filing would then have been too late to save the proceeding started a month earlier on June 23 to enforce the judgment without an underlying judgment roll in violation of section 503.

The portion of the order directing the payment of a portion of the fund to plaintiff as judgment creditor, therefore, should be vacated, without prejudice to such proceedings as the judgment creditor may take by virtue of its judgment which is said to have been now perfected so as to have become enforcible.

We would in any case be of opinion that since a lien has been filed before the entry of the order directing payment to the judgment creditor, some provision would have to be made for adjudication of the rights between this lienor and the judg-

ment creditor. Since the Special Term did not in this proceeding direct the payment of any part of the fund to the bank assignee, and since we now hold that the plaintiff as judgment creditor was not entitled to payment by virtue of the proceedings taken, no part of the relief sought in this court by the Comptroller is necessary; and the rights of all claimants to the fund may be adjudicated in the pending lien foreclosure action, or in some other appropriate action or proceeding.

The order appealed from should be modified by vacating so much thereof as directs the payment of money by the Comptroller to the judgment creditor; and as thus modified affirmed, without costs; and the motion by the Comptroller in this court in all respects denied, without costs.

FOSTER, P. J., BERGAN, COON, GIBSON and HERLIHY, JJ., concur.

Order modified by vacating so much thereof as directs the payment of money by the Comptroller to the judgment creditor; and as thus modified affirmed, without costs; and the motion by the Comptroller in this court in all respects denied, without costs.