MUNICIPAL FACTORS COMPANY, INC., Plaintiff, *v.* CITY OF NEW YORK et al., Defendants.

Supreme Court, Special Term, New York County, April 17, 1962.

*Harry L. Schein* and *Sol Charles Levine* for plaintiff. *Leo A. Larkin, Corporation Counsel (Morris Lacher* and *Leon A. Fischel* of counsel), for City of New York, defendant.

SAMUEL H. HOFSTADTER, J. Decision of this motion has been delayed pending the submission of additional affidavits and memoranda, the last of which were received a few days ago. Due to the introduction of irrelevancies the papers are needlessly voluminous. The issue for determination is narrow.

The motion is treated as one to enforce the settlement stipulation of July 17, 1959. The city does not question the procedure and, since the essential facts are not in dispute, the motion made by the plaintiff Municipal Factors Company, Inc., is deemed appropriate. The plaintiff's repeated statement that the city is not a party to the stipulation because it is not signed by any one on its behalf carries no conviction. Indeed, unless the city is treated as a party to the stipulation the plaintiff is out of court entirely, for it is only by virtue of the stipulation that the plaintiff can become entitled to the balance of $7,004.81 claimed by it. The stipulation commits the city to the payment of $5,000 more than it had theretofore admitted to be due. The city has acted upon, and completely adopted the stipulation and pursuant to it, and not otherwise, can the plaintiff succeed on this motion. In the circumstances both the City and the plaintiff must stand or fall on the stipulation.

The stipulation, however, reasonably read, cannot be given the interpretation for which the city contends. The plaintiff's rights under its all money assignment from the contractor Zarelli Bros. Construction Co., Inc., became definitely fixed as a valid lien pursuant to the Lien Law at the latest on April 22, 1954, the date of the filing of the second assignment. Contrary to the city's position, the plaintiff's advances must all be deemed to have been made upon the strength of this assignment, which was but a duplicate and confirmation of the assignment executed

by the contractor shortly before but not filed in time, not because of any fault of the plaintiff but due to the city's delay. The contention that the assignment was in part for a past indebtedness is wholly without substance. (See *Matter of Leto Constr. Corp.* v. *Herkimer Constr. Corp.*, 13 Misc 2d 598, 600–601, mod. on other grounds 8 A D 2d 1.) The lien docket of the Department of Finance has the notation under date of April 29, 1954, after the filing of the plaintiff's lien "Dept. of Finance-City Collector * * * claim." In point of fact, the assessment of tax in the sum now withheld by the City and here claimed by the plaintiff was not made until almost six years later, March 10, 1960. The "claim" noted on the docket self-evidently, was not a lien as of the date of the notation. The stipulation refers to "encumbrances of record". A fair reading of this phrase denotes a valid lien, not an inchoate tax claim to become a lien only after the tax had been computed and assessed. There is no suggestion of an undertaking by the plaintiff to permit its established lien to be reduced by an indefinite tax claim which was not an existing encumbrance of record. In reality the city asserts that the stipulation imposed on the plaintiff an obligation to pay the taxes due it from the contractor. This would be an unreasonable construction and lead to the displacement of the plaintiff's lien — a result hostile to the entire philosophy of the Lien Law. (Lien Law, §§ 5, 13, 16, 25, 71, 79; see also *Aquilino* v. *United States*, 10 N Y 2d 271). The city has failed to show that any part of the taxes assessed against the contractor on March 10, 1960 was an encumbrance of record within the intendment of the stipulation and deductible, as such, from the amount being withheld by it. The plaintiff's motion is, therefore, granted.